## STEERS & COMPANY *vs.* MORGAN & ARMSPAUGH.

1. After judgment in attachment, the *fi. fa.* will not be quashed on account of amendable defects in the bond and attachment.
2. Nor will the judgment be set aside for like defects.
(*a*) Pending an attachment suit, a garnishment may be issued and served, and the plaintiff will not be delayed in obtaining judgment against the defendant in attachment by reason thereof. The defendants being non-residents, an amendment could be made setting forth the service of garnishment, and at the same term when judgment would otherwise have been rendered, it could also be rendered against whatever might be in the hands of the garnishees, to be levied when such effects should be ascertained. The garnishees would not be concluded thereby as to the existence of any indebtedness; that question would be determined in the usual way.
(*b*) The declaration in attachment was sufficient to found a verdict upon in this case.
3. Where non-resident defendants in attachment had sufficient notice to put them upon inquiry in time to have defended the suit, but failed to do so, this court will not control the decision of the presiding judge in refusing to allow them to open the judgment rendered in the attachment case for the purpose of pleading to the merits.

Judgments. Pleadings. Attachment. Garnishment. Before Judge UNDERWOOD. Floyd Superior Court. September Adjourned Term, 1880.

In connection with the report contained in the decision, it is only necessary to add the following: Morgan & Armspaugh sued out an attachment against Steers & Co. At the first term plaintiffs filed their declaration. In it they alleged that defendants had contracted to deliver to them a good cotton compress, with appurtenances (de-

scribing the press), and to repair all breakage occurring for six months from September 1st, 1878, provided a skillful engineer was employed and the steam pressure not allowed to exceed one hundred pounds per square inch; that plaintiffs complied with all their part of the contract, made the payments required, had a competent engineer, and did not allow steam pressure beyond the stipulated amount; that two breakages occurred, costing $1,500.00 each to repair, within the time stated, resulting from inferiority in the machinery; that their hands were kept idle by the failure of defendants to comply with their contract, etc. They laid damages at $5,000.00.

*Pendente lite* garnishment was issued and served on the Atlanta Steam Cotton Compress Co. On September 29th, 1880, an amendment to the declaration was made alleging this levy of the attachment. At the same term of court a verdict was rendered for plaintiffs, and judgment entered thereon to be levied on certain described property of defendants " and also of such funds of the defendants, or either of them, as may be in the hands of the Atlanta Steam Cotton Compress Company," etc.

At an adjourned term of the court in December, 1880, Steers, one of the defendants, made three motions, to-wit:

(1). To quash the *fi. fa.* because the attachment bond was signed by one member of plaintiffs' firm, and not by the firm; because the attachment was against the individual members of defendants' firm, and not against the firm itself, thereby not following the affidavit and bond; because the hour of the day when the levy was made was not entered; and because the individual names of plaintiffs were not set out in the affidavit and bond.

(2). To set aside the judgment because of the irregularities in the proceedings; because the declaration was not sufficient to found a verdict upon; and because the judgment against such effects as might be in the hands of the Cotton Compress Company was illegal.

(3). To be allowed to open the judgment and plead to the merits.

Each of the motions was overruled and defendants excepted.

BROYLES & JONES, for plaintiffs in error.

DABNEY & FOUCHE, for defendants.

JACKSON, Chief Justice.

Morgan & Armspaugh sued out an attachment against Steers & Co., and caused it to be levied on certain effects in the county of Floyd as the property of the defendants' in attachment. The affidavit was made on the 27th of February, 1880, and attachment issued the same day, and on the next day it was levied. At the first term thereafter the declaration in attachment was filed, to-wit, on the 22d of April, 1880; and this declaration was amended on the 29th of September, 1880, in open court, at the next term, by the allegation that since the attachment was issued and the declaration filed, they had levied it in Fulton county, by serving summons of garnishment on the Atlanta Steam Cotton Compress Company, said company being composed of Hugh S. Inman, G. W. Parrott and J. D. Turner, which amendment was then and there allowed. At the same September term a verdict was rendered for $5,000.00 against the defendants in attachment, and judgment signed 10th of October thereafter against them thereon, to be levied of the effects attached in Floyd county, "and also of such funds and property of the defendants, or either of them, as may be in the hands of the Atlanta Cotton Compress Company," composed of the persons above named. And thereupon execution issued, on the 26th of October, to enforce the said judgment and following its terms. On the 14th of December following, at an adjourned session of the same term of the court, three motions were made, the first to quash the attachment, the second to set aside the judgment, and the third to open it in so far as to allow pleas to the merits to be filed.

These motions were all overruled by the court and exceptions taken to each judgment, and, by agreement, all brought up for review here in one bill of exceptions.

1. The motion to quash the attachment was based on the insufficiency or illegality of the bond, because signed by one of the plaintiffs individually, and because the attachment does not follow the bond and affidavit, it being against the individuals of the firm of J. B. Steers & Co., and the affidavit and bond being against the firm itself. The other grounds were not pressed, but abandoned before us. The motion to quash was properly overruled. The defects in the bond and attachment were amendable, and there was none in the affidavit. Had the motion been made before verdict, amendments could have been made and the defects been cured and the action have proceeded. Code, §3316.

2. So far as the motion to set aside the judgment is based on those irregularities which were in the motion to quash, it was properly overruled, because no judgment will be set aside for amendable defects in the pleadings or record. Code, §3590; 45 *Ga.*, 97.

It was urged, however, before us, that the judgment should at any rate be set aside so far as it authorized a levy on the effects of defendants in the hands of the Atlanta Cotton Compress Company, because the garnishment was served too late on that company, and because no judgment could be rendered against the effects in their hands until March term, 1881, as it was served in June, 1880, and the September term was the first term after service of the garnishment.

The record does not disclose exactly when the summons was served, but it was *pendente lite,* and after the first term when the declaration was filed. The point made presents the questions whether after the attachment has been levied on property in one county it can be levied *pendente lite* by service of garnishment in another county; and, if so, whether it will have the effect to stay

v 66—35

the judgment against the main defendants until after the time allowed the garnishees to answer *before judgment can be had against the garnishees.* There can be no doubt that the plaintiff is not to be delayed in getting judgment against the principal defendants by reason of garnishments issued for persons in the same or in another county. He may have summons of garnishment issued *ad libitum,* and if his suit in the declaration filed in the court which got the jurisdiction against the defendants by the first levy of his attachment in that county be ripe for trial against the principal defendants, he may go on and try and get his judgment against them, but not against the garnishees. That is a different case to be tried in the county where the garnishee resides; but we see no reason why he may not have judgment against the effects of defendants in attachment, and the indebtedness of garnishees to those defendants—to be levied when ascertained by a judgment against the garnishees in the proper court of the county of the residence of these garnishees. Code, §3302, 3303-4-5-6, 3537-8 *et seq;* Sup. to Code, §4647. These sections show that such is the spirit which pervades our whole garnishment law in all the courts. The plaintiff is not to be delayed in getting his judgment against the defendants—his debtors—for what they owe him, but he is not to enforce it against anything the garnishee has belonging to his debtors until that question is adjudicated. And such we understand this judgment to be. It is to be levied at once on the attached property in Floyd county, but on the effects or debts of the garnishees only when ascertained by another judgment in another court of the county of the garnishees' residence, after due process of law against them, and due trial at the proper term of the court.

In attachment, as in all other cases, regularly begun by personal service, garnishment may be issued and service perfected *pendente lite,* and the plaintiff will not be delayed in getting judgment against his debtor, but such

judgment is to be enforced against the effects in the hands of the garnishee only when he admits that he has such effects, or is so indebted, or, after a regular trial, it is found and adjudged that he has them or is indebted.

So we think that the court did not err in not setting aside the judgment on this ground.

The declaration in attachment appears sufficiently comprehensive to authorize the verdict. If there were defects, they were amendable, and we cannot say that the court erred in overruling the motion to set aside the judgment because the declaration was so defective as not to warrant the finding of the jury and the judgment thereon.

3. And this brings us to the consideration of the last motion, which is to open the judgment and plead to the merits. We think that this rested mainly in the discretion of the superior court where the case was tried and the judgment sought to be opened had been rendered. If it was the legal right of the defendants to open it and be heard on the merits, of course this court would enforce the right by overruling and reversing the judgment which denied it; but if it involved matter of *laches*, and the court below refused it, this court will not interfere. From the affidavit of Mr. Steers it seems that the garnishees informed him of the pending of the proceedings against them in August, 1880, and this should have put him on inquiry. The judgment against him and his partner was not obtained until the fall term of Floyd superior court, on the 16th of October, 1880, and this gave him ample time to look into the case and defend.

Against non-residents personal service is impracticable, and the statute provides that the suit be commenced by attaching such property as they have in this state. As to that property, whether in the possession of their agents or lying open, the courts get jurisdiction, and may proceed without notice or personal information; but in this case the defendants did have notice from the garnishees and

seem to have been negligent, at least not enough on the alert, to authorize this court to reverse the judgment of the court below in rejecting the motion to open the judgment and hear defendants on the merits. Defendants seem to have been chary of submitting to the jurisdiction of the court on the merits until two technical motions not involving the facts and real merits had been rejected, and yet base their appeal to be heard at last on the merits on the facts of insufficient notice. If notice had been given them by plaintiffs a personal, general judgment could have been rendered against them. Its effect, under our law, is only to make the judgment general and personal. The judgment *in rem* is good without it, and that is all that this judgment is. Code, §3309.

In our judgment, therefore, the plaintiffs in error have not made a case before us from the record which entitles them to a reversal of the action of the superior court, and the judgment of that court must be affirmed.

Judgment affirmed.