WHITFIELD v. WHITFIELD.

Within the meaning of the law of divorce (Code, §1712), it is desertion by the wife, though she continue to reside in the matrimonial domicile, for her wilfully, persistently and without justification to deny her husband all his conjugal rights with the intention of casting him off as a husband completely and forever.   The continuance of this state of affairs for three years affords cause of divorce on the ground of desertion, whether the husband remains in the matrimonial domicile occupying separate apartments from

his wife, or withdraws from the house and lives elsewhere, provided her conduct be contrary to and against his will, and provided his own conduct be the result of hers and to that extent involuntary on his part. 1 Bishop, Mar. Div. & Sep. §1670 *et seq.*; Lloyd's Law of Divorce, pp. 170, 173; Browne on Divorce, 142 *et seq.*; 4 Field's Briefs, §§218, 221; 5 Am. & Eng. Enc. Law, 802, note 1, 803; and cases cited. The court erred in granting a nonsuit.
June 30, 1892.                                    *Judgment reversed.*

Divorce. Desertion. Before Judge JENKINS. Jasper superior court. September term, 1891.

Libel for divorce. The libelant excepts to the grant of a nonsuit. He alleged that he was lawfully married to the libelee on the 17th of September, 1869; that for a short while thereafter they lived together as man and wife, and pleasantly and unpleasantly remained together for several years and until they had four children born to them; that during part of this time and for many years thereafter and until this day (March 3, 1891), she has by divers and sundry ways and means rendered him unhappy and caused him many hardships and anxiety of mind and want, and for many years has refused persistently to recognize him as her husband, and has wilfully abandoned him for more than three years, but did pretendedly agree to live with him in consideration that he would dismiss a suit which was then pending against her for a divorce upon other than the grounds herein set forth; but upon the dismissal of said suit she only lived with him for one night, since which time she has continuously, wilfully and persistently abandoned him without fault on his part, and that abandonment was in 1887, more than three years ago. He testified as follows: I was married to the libelee in 1869; lived with her up to 1876. We had four children. She never lived with me afterwards. She deserted and wilfully abandoned me ever thereafter, and has persistently done so against my will and oft-repeated remonstrances, and without any reason or cause, or fault of myself, so far as

I know or have been informed. She continued to live in the same house in which we had previously lived, a home inherited by me from my grandfather, but would never recognize me as her husband. I entreated her, for the sake of ourselves as well as our children, to live with me as before, but she would not, saying more than once that she would have her throat cut from ear to ear before she would do so. I went away from home and left her there, and worked about for my living; went and lived awhile in Bibb county, and about one month ago I returned to my home where she was living, and occupied one of the rooms; but she did not then recognize me as her husband, but barred the doors against me. I neither ate nor slept nor had any social conversation with her. I did not eat with her at my table, but purchased my own provisions, cooked them and ate at my own table. I went back there at the request of and to see my children. I had no other home to go to. The separation was wholly against my will, and without any fault on my part.

PRESTON, GILES & POLHILL and W. P. DAVIS, by brief, for plaintiff.

W. B. &. S. T. WINGFIELD, by brief, for defendant.