## PINNEBAD v. PINNEBAD.

LUMPKIN, J. 1. That a wife brings suit against her husband and recovers judgment against him for a debt due to her, and that after separation she sues him for temporary alimony and obtains a judgment in such action, does not constitute cruel treatment or furnish to the husband any basis for a suit for divorce.

2. Mere proof that a wife declined to cohabit with her husband will not authorize the grant of a divorce to him on the ground of cruel treatment.

3. Considering wilful and persistent denial by a wife of the conjugal rights of her husband, without justification, and with the intention of casting him off as a husband completely and forever, as constituting desertion, although she continue to reside in the matrimonial domicile, under section 2426 .of the Civil Code such desertion must continue for three years in order to furnish a ground for a suit for divorce. *Whitfield* v. *Whitfield*, 89 *Ga.* 871 (15 S. E. 543).

4. Under the rulings in *Ring* v. *Ring*, 118 *Ga.* 183 (44 S. E. 861, 62 L. R. A. 878), *Brown* v. *Brown*, 129 *Ga.* 247 (58 S. E. 825), and *Stoner* v. *Stoner*, ante, 368 (67 S. E. 1030), the evidence failed to show a case of cruel treatment which authorized the grant of a divorce on that ground; and the evidence of the plaintiff showed that there had been no desertion wilfully and continuously persisted in for three years before the bringing of the suit. The verdict finding a total divorce for the plaintiff was therefore unauthorized by the evidence.

*Judgment reversed. All the Justices concur, except Atkinson, J., disqualified.*

MAY 11, 1910.

Divorce. Before Judge Parker. Glynn superior court. April 17, 1909.

*Ernest Dart,* for plaintiff in error. *Crovatt & Whitfield,* contra.