Submitted on briefs January 18, reversed and decree entered February 8, 1921.

## BAKER *v.* BAKER.

(195 Pac. 347.)

**Divorce—Desertion Established by Refusal of Intercourse While Living Under Same Roof.**

1. In a suit for divorce, desertion is established by proof that the husband refused to have marital intercourse, though the parties continued to live under the same roof.

From Marion: GEORGE G. BINGHAM, Judge.

In Banc.

This is a suit for a decree of divorce, the complaint being in the usual form and charging desertion. The defendant made default. The district attorney appeared upon the trial, representing the state, and there was a decree dismissing the suit, and plaintiff appeals.          REVERSED. DECREE ENTERED.

For appellant there was a brief submitted over the names of *Mr. Samuel T. Richardson* and *Mr. J. E. Hosmer.*

For respondent, the State of Oregon, there was a brief prepared and submitted by *Mr. James G. Heltzel*, District Attorney.

No appearance for defendant, Francis M. Baker.

BENSON, J.—1. The trial court dismissed the suit for the reason that, in its judgment, the evidence failed to establish statutory desertion.

The evidence discloses the following facts: The defendant left the plaintiff on June 5, 1919, without

Refusal of marital intercourse as desertion, see notes in 119 **Am. St. Rep.** 632; 138 **Am. St. Rep.** 162; 12 **Ann. Cas.** 547; 14 **L. R. A.** 685; **L. R. A.** 1915B, 770.

making any statement as to his reasons for abandoning her. He took their son with him. He returned some time in the autumn of the same year, at which time the plaintiff let him have $750. He did not remain long, and again went to California, but again he returned on Christmas Day of the same year, bringing the son with him. Plaintiff was then the owner of a building in Silverton, which was suitable for a photograph studio, and about January 1st of 1920, he there undertook to carry on his regular business, that of a photographer, which was continued until July 3, 1920, at which time he again disappeared, taking the son with him. During the period from Christmas, 1919, to July 3, 1920, the family lived under the same roof, eating their meals together, but occupying different sleeping apartments. While the evidence upon the subject is vague and unsatisfactory, it may be deduced therefrom that at no time after defendant's first departure in June, 1919, did plaintiff and defendant resume marital intercourse, and that this state of affairs was against the will of the plaintiff and was maintained over her protest.

Plaintiff contends that cessation of marital intercourse for the term of one year, coupled with the intent to abandon the wife, against her will, constitutes desertion, even though they reside under the same roof. This presents the sole question for our consideration upon this appeal.

There is a conflict of opinion in the authorities upon this subject, the appellate courts of a considerable number of states following the rule of the early ecclesiastical courts which, while requiring the offending party to return and live with the plaintiff, never undertook to compel the granting of sexual intercourse. The states which follow this rule have held that a will-

ful denial of marital intercourse, however long continued, does not constitute desertion: *Prall* v. *Prall,* 58 Fla. 496 (50 South. 867, 26 L. R. A. (N. S.) 577); *Fritz* v. *Fritz,* 138 Ill. 436 (28 N. E. 1058, 32 Am. St. Rep. 156, 14 L. R. A. 685); *Pfannebecker* v. *Pfannebecker,* 133 Iowa, 425 (110 N. W. 618, 119 Am. St. Rep. 608, 12 Ann. Cas. 543); *Stewart* v. *Stewart,* 78 Me. 548 (7 Atl. 473, 57 Am. Rep. 822); *Southwick* v. *Southwick,* 97 Mass. 327 (93 Am. Dec. 95). Another line of decisions appears to have adopted the reasoning and conclusions of that eminent authority, Bishop, who announced the correct doctrine to be as follows:

"Nothing injurious to the health can be required of either party in marriage. But if from no consideration of health, and from no other good reason, either the husband or the wife permanently, totally, and irrevocably puts an end to what is lawful in marriage and unlawful in every other relation, to what distinguishes marriage from every other relation, this by the better opinion constitutes matrimonial desertion, though the deserting party consents still to live in the same house with the other in the capacity of servant, of master, of brother, of sister, of child, or of friend, either for pay or as a gratuity": 1 Bishop on Marriage, Divorce, and Separation, § 1676.

The doctrine thus stated has been adopted by a number of states, including the following: *Fleegle* v. *Fleegle* (Md.), (110 Atl. 889); *Parmly* v. *Parmly,* 90 N. J. Eq. 490 (106 Atl. 456); *Axton* v. *Axton,* 182 Ky. 286 (206 S. W. 480); *Rie* v. *Rie,* 34 Ark. 37; *Graves* v. *Graves,* 88 Miss. 677 (41 South. 384); *Whitfield* v. *Whitfield,* 89 Ga. 471 (15 S. E. 543); *Stein* v. *Stein,* 5 Colo. 55. Our own court has definitely adopted the rule enunciated by Bishop, as above quoted, in the case of *Sisemore* v. *Sisemore,* 17 Or. 542 (21 Pac. 820).

It follows that the evidence in the case at bar sufficiently established the fact of desertion. The decree will therefore be reversed and one entered here, granting the divorce as prayed for.

REVERSED.   DECREE ENTERED.

'Argued January 25, affirmed February 8, 1921.