BRADLEY *v.* BRADLEY.

No. 6721. JUNE 12, 1929.

*E. F. Goodrum,* for plaintiff in error. *Jesse Harris,* contra.

RUSSELL, C. J. Mrs. Annie May Bradley filed a petition in which she alleged that she and J. B. Bradley intermarried on or about May 1, 1920, and "that the said J. B. Bradley has filed a petition for divorce against your petitioner, and that they are now in a state of bona fide separation, having been separated since May 1, 1928. Your petitioner shows that on account of the cruel treatment exercised by the said J. B. Bradley on your petitioner, that she was compelled to leave the said Bradley for fear of bodily injury. Your petitioner further shows that said J. B. Bradley did, on or about the 30th day of April, strike and beat your petitioner without any cause, and that your petitioner was compelled to separate from the said Bradley in order to avoid serious physical injury. Your petitioner further shows that she is without means of support, and that the said J. B. Bradley . . makes an average of about $200 per month. Wherefore your petitioner prays that temporary alimony be granted to her, and that fees be allowed the attorney who represents her in the divorce proceeding now pending." The presiding judge issued a rule nisi, and upon the day set for the hearing J. B. Bradley filed a demurrer upon the grounds: "1. That the petition sets forth no cause of action good in law against respondent, and does not show sufficient facts to warrant the relief prayed for nor the award of temporary alimony and counsel fees, and this court has no jurisdiction of the action at bar. 2. That the petition sets forth no cause of action

good in law against respondent, because the petition is not sworn to as required by law, nor does it contain a prayer for permanent alimony, nor does it sufficiently allege a statement of fact on which a judgment or decree for temporary alimony might be based, nor does it allege a state of facts or circumstances with sufficient accuracy and clearness to apprise the respondent of the things charged therein. 3. That the petition for temporary alimony and counsel fees as filed is insufficient in law and sets forth no good cause of action against respondent, because it seeks a relief which would be interlocutory in its effect, and seeks to provide for an ad interim period of litigation, without containing sufficient allegations or prayers for a permanent decree and judgment to terminate the interim, and a judgment final could not be predicated upon the allegations of the petition." The trial judge overruled the demurrer, and, after hearing evidence, entered an order granting the wife temporary alimony and attorney's fees. J. B. Bradley excepted.

There was no error in overruling the demurrer. The petition disclosed the essential facts necessary to support a petition for temporary alimony. Counsel for the plaintiff in error contends that proper pleading requires that the wife should ask for temporary alimony by way of cross-petition to the husband's suit for divorce, and that no petition for temporary alimony can be maintained except when predicated upon a petition for permanent alimony; and further, that the petition in the present case "has no basis for termination of the judgment for temporary alimony." As to these contentions, it may be said that the date of the termination of an award of temporary alimony is upon the final hearing in the cause. *Nipper* v. *Nipper*, 129 *Ga.* 450, 451 (59 S. E. 226). A petition seeking temporary alimony may be as well maintained when an "action for divorce . . is pending" (as in the present case) as when there is "a suit by the wife for permanent alimony." Civil Code (1910), § 2976. In the case of *Stalvey* v. *Stalvey*, 132 *Ga.* 307 (64 S. E. 91), relied upon by counsel for the plaintiff in error, there was neither a petition for divorce nor an application for permanent alimony pending at the time the application for temporary alimony was filed. "A petition for temporary alimony pending a divorce suit or a suit for permanent alimony is in the nature of an ancillary proceeding, and does not require the issuance

and service of a new process returnable to another term of court. Upon it the presiding judge issues an order nisi which is served and under which the hearing is had." *Nipper* v. *Nipper,* supra; *Williams* v. *Williams,* 137 *Ga.* 791 (74 S. E. 242). The pendency of the action for divorce filed by the husband gave the court jurisdiction of the application for temporary alimony.

Upon the hearing the evidence was in conflict, and this case falls within the well-established rule that upon conflicting evidence the proper exercise of the discretion of the trial judge in awarding temporary alimony and attorney's fees will not be disturbed.

*Judgment affirmed. All the Justices concur.*