## WESTBERRY v. WESTBERRY.

ATKINSON, J. A married woman instituted a suit for divorce, for permanent and temporary alimony, for custody of the children issue of the marriage, a girl of 16 years and a boy of 10 years, and for attorney's fees for prosecuting the suit. The ground of complaint was alleged cruel treatment consisting of continual "immoral" relations with other women, so conspicuous as to attract the attention of the children, cause public notoriety, and humiliate petitioner; failure to provide support for the family; assault by defendant rubbing his fist in the face of petitioner with a threat; and false charges that petitioner was mentally deficient; all of which had wrecked petitioner's health and rendered it impossible to live longer in the marital relation. The petition alleged that the parties "are living separate and apart," but it also appeared that they occupy separate rooms in the same family dwelling owned by the defendant. At interlocutory hearing a general demurrer to the petition was overruled, upon which error was assigned. No ruling was made on the special grounds of demurrer. After hearing evidence the judge ordered: "That the defendant, H. J. Westberry, do pay the plaintiff, Mrs. Mary Westberry, as temporary alimony for herself and minor children, the sum of sixty dollars per month, payable as follows: $60 on the first day of August, 1930, and $60 on the first day of each month thereafter, pending the trial of said case, and the further sum of $200 counsel fees payable as follows, $100 on the first day of August, 1930, and $100 at the next term of said superior court; and that plaintiff also have, as temporary alimony pending the trial of said case, the use and rents of the dwelling-house and premises wherein plaintiff now resides, with the exclusive right to occupy, use, rent, and to receive the rents of said premises or any portion thereof during said time, taxes, insurance, and upkeep of said premises to be borne by defendant; and said defendant is hereby restrained from in any manner interfering with plaintiff in the use or occupation of said dwelling and premises. That the custody of said minor children, to wit, both the daughter and son, pending the trial of said case be and the same is hereby awarded to the plaintiff; provided, however, they shall be permitted to visit defendant at such reasonable times and places as may be agreed upon between the parties hereto; and that should the parties fail to agree, then the same may hereafter be fixed by further order of the court. An injunction to restrain defendant from disposing of or encumbering his property not being considered necessary to the protection of plaintiff in the collection of any alimony that may be awarded her on the trial of the case, the restraining order heretofore granted in said case is hereby dissolved." To this order the defendant excepted. *Held:*

1. The allegation that the parties live in the same family dwelling, when taken in connection with the further allegation that they "are living separate and apart," is a sufficient allegation of living in a state of separation, and does not render the petition subject to general demurrer. See *Whitfield* v. *Whitfield,* 89 *Ga.* 471 (15 S. E. 543) ; *Pinnebad* v. *Pinnebad,* 134 *Ga.* 496 (3) (68 S. E. 73) ; *Wilkinson* v. *Wilkinson,* 159 *Ga.* 332 (125 S. E. 856).

2. The allegations as to cruel treatment by the husband were sufficient to set forth a cause of action. *Duren* v. *Duren,* 168 *Ga.* 76 (147 S. E. 74); *Bradley* v. *Bradley,* 168 *Ga.* 648 (148 S. E. 591). The judge did not err in overruling the general demurrer.

3. The exceptions to the rulings on admissibility of evidence can not be aided by reference to portions of the evidence "which are indicated by having a red line drawn through them," and are insufficient to present any question for decision.

4. Under the pleadings and the evidence the judge did not err in the allowance of temporary alimony and attorney's fees, in enjoining the defendant, and in awarding custody of the children to the mother.

*Judgment affirmed. All the Justices concur.*

No. 8057. JULY 15, 1931.

*Gibbs & Turner,* for plaintiff in error.
*J. P. Highsmith* and *D. M. Clark,* contra.