WILSON *v.* WILSON.

No. 8413. January 14, 1932.

*T. J. Lewis,* for plaintiff.

*Paul S. Etheridge & Sons* and *James A. Miller,* for defendant.

HILL, J. (After stating the foregoing facts.)

The plaintiff insists that there is no provision of law for the appointment of a guardian ad litem for a person more than twenty-one years of age, except by the ordinary of the county. This contention is without merit. The Civil Code (1910), § 5416, provides: "Persons not sui juris may appear either by guardian or next friend, or guardian ad litem appointed by the court," etc. The evidence showed that the defendant was confined to her home under treatment of a family physician; that she was not in the Georgia State Sanitarium and had never been, nor was she in any other lunatic asylum. No certificate of the superintendent of any lunatic asylum was offered in evidence, showing that defendant was an insane person; but her family physician testified that she was insane and was not able to attend court. In these circumstances the court did not err in passing the order to which exception is taken. *Reese* v. *Reese,* 89 *Ga.* 645, 652 (15 S. E. 846); *Dent* v. *Merriam,* 113 *Ga.* 83 (38 S. E. 334).

The court charged the jury as follows: "If a party to a marriage contract is guilty of cruel treatment, and, with full knowledge thereof, the other condones the offense if committed, and continues to live or cohabit with the other, and such offense is not afterwards repeated without such condonation, such conduct may not be considered as grounds for divorce. Condonation means forgiveness, either express or implied, for a breach of marital duty, with the implied condition that the offense shall not be repeated. The law provides that condonation may be more readily presumed against the husband than the wife, and condonation may be presumed from cohabitation. Cohabitation has been defined by the courts to mean a dwelling together." This charge was excepted to and assigned as error on the ground that it was not warranted by the evidence and that it constituted an assumption of a fact by the court, not founded upon any evidence. These exceptions are without merit. The defendant filed a cross-action to the suit

filed by her husband for divorce, in which she charged desertion for above the space of three years, and cruel treatment, and prayed for a divorce and permanent alimony. The evidence on behalf of the defendant, by Mrs. Beattie and Mr. Tomlinson, tended to show that the plaintiff deserted the defendant and treated her cruelly prior to the filing of the suit for divorce. Consequently there was no error in charging the jury on the question of cruel treatment and desertion of the defendant by the plaintiff. *Owen* v. *Owen,* 54 *Ga.* 526, 527; *Lowry* v. *Lowry,* 170 *Ga.* 349, 354 (153 S. E. 11, 70 A. L. R. 488).

■ Grounds 4, 5, and 6 of the motion for new trial were argued together by counsel for the plaintiff. It is insisted that the verdict finding a total divorce for the defendant was contrary to evidence, contrary to law, against the weight of the evidence, and without evidence to support it, and consequently that the charges excepted to in those grounds were erroneous because without evidence to support them. There was evidence sufficient to authorize the verdict on the ground of desertion and cruel treatment, and consequently there was sufficient evidence to authorize the charges given on those subjects. The charges complained of are not subject to the criticism that they do not state correct principles of law as applicable to the case.

■ In ground 7 of the motion the following charge is complained of: "The law provides that permanent alimony is an allowance which the husband may be required to pay to his wife for her support and maintenance where there exists between them a legal separation or divorce, and the jury rendering the final verdict in a divorce case may provide permanent alimony for the wife either from the corpus of his estate or otherwise. Permanent alimony, where allowed by the jury, if allowed, would be required to be paid for the remainder of the life of the wife or until she should marry again." Error is assigned, because said charge was not sound as a principle of law; and because it was misleading and confusing and prejudicial to the movant, in that it instructed the jury that if they allowed permanent alimony to the wife the movant would have to pay the same "for the remainder of the life of the wife or until she should marry again," and thus instructed the jury that they could not find permanent alimony for the wife for a shorter period of time than "the life of the wife or until she

should marry again;" that said charge invaded the province of the jury, and they were not permitted to find alimony in a lump sum for the wife, or to find alimony for a period less than the life of the wife or until she should remarry. These contentions are without merit. In another portion of the charge in this same connection the court instructed the jury, among other things: "In other words, it would be for you to say whether alimony shall be allowed at all or not, and, if allowed at all, how much it will be, how payable, whether monthly, quarterly or annually, whether or not in a *lump sum* [italics ours] ; and if so, how much." See *Fischer* v. *Fischer* 164 *Ga.* 81 (2), 84 (137 S. E. 821) ; *Wise* v. *Wise,* 156 *Ga.* 459 (2) (119 S. E. 410).

■ Other grounds of the motion for new trial, complaining of the failure of the court to charge certain principles of law, are without merit.

■ The evidence authorized the verdict.

*Judgment affirmed. All the Justices concur.*