CHASTAIN *v.* BALL.

No. 11309.   OCTOBER 13, 1936.

*J. E. Craigmiles,* for plaintiff.   *Titus & Dekle,* for defendant.

HUTCHESON, Justice.   On August 6, 1935, O. S. Chastain filed his petition against W. L. Ball, seeking the cancellation of certain deeds, and alleging substantially as follows:   On June 14, 1930, petitioner executed and delivered to defendant a deed conveying certain property on Crawford Street in the City of Thomasville, Georgia, to secure a loan to him of $1500.   On August 16, 1930, petitioner borrowed an additional amount from defendant and executed and delivered to defendant another deed to secure the debt, conveying certain property on Madison Street in the City of Thomasville.   Both of these deeds contain clauses requiring the grantor to keep the premises insured, and declaring that on failure to do so the loan shall become due and payable at the option of the grantee.   "On the 28th day of April, 1931, petitioner and defendant entered into an agreement that if he did not further require insurance on the said two houses described in said two security deeds, as a protection in case of fire, petitioner would give said W. L. Ball additional security deed on a certain tract of land, with two houses thereon," on Kern Street in the City of Thomas-

ville, "which would amply secure him, the said W. L. Ball, against any loss by fire. On said date, for the sole and only consideration for the release of the said houses in the first two security deeds mentioned . . from the insurance clause," so that the property therein conveyed "would not have to be kept insured, your petitioner made and executed to the said W. L. Ball a security deed to above premises . . and solely for the defendants protection in case of loss by fire" of the property conveyed in the first two security deeds, "so that in such a case of fire the said W. L. Ball would have the additional security on the said Kern Street houses, which would be ample security in lieu of loss by fire of either or both" of the houses conveyed in the first two security deeds. The security deed conveying the Kern Street property contained the following recital: "Witnesseth that in consideration of the release of W. L. Ball of the clause in 2 security deeds between said parties as to fire insurance, party of the first part [petitioner] conveys to party of the second part" (Ball), the Kern Street property. The above consideration was stated in the deed instead of the usual monetary consideration. Immediately before the signatory clause of the deed appeared the following: "This is additional security on the debts named in said 2 deeds." There has never been any loss by fire of any of the property so conveyed. Each of the deeds contains a power of sale in the event of default. All three deeds, under the power of sale therein, were foreclosed by advertisement and sale, and the property was bought in by Ball. The deed executed under the power recites the execution and delivery of the three security deeds, a default, proper advertisement, and sale by Ball, as attorney in fact for Chastain, to Ball individually. It is alleged that the deed executed under power of sale "was obtained by fraud and illegally and without consideration whatsoever, in so far as it conveys the said land mentioned and described" as the Kern Street property conveyed in the third security deed; "that the conveyance of said property on said Kern Street was made without any authority or power from your petitioner; that your petitioner has not ratified said conveyance and deed, nor has petitioner authorized or empowered any person whatsoever to ratify the same; that said deed is absolutely null and void; that said deed could not have been made until after a fire loss had occurred to either or both the houses" conveyed in the first two security deeds, "and then only

after a default in the payment of the original indebtedness of petitioner to said W. L. Ball." Ball is in possession of the Kern Street property, claiming under the deed executed under power of sale. The prayers were, for cancellation of the deed under power of sale, of that part of said deed which purports to convey the Kern Street property, and of the security deed conveying the Kern Street property; for accounting of rents and profits; and for restraining order enjoining Ball from conveying the Kern Street property. A general demurrer to the petition was filed, and a special demurrer on the ground that the allegations of fraud were conclusions of the pleader. The court sustained the demurrers and dismissed the action. The petitioner excepted.

It affirmatively appears from the petition and the exhibits attached thereto that the security deed conveying the Kern Street property, while it was executed by Chastain for the sole consideration to him of the release of the insurance clause in the first two security deeds, provides that it was given as additional security on the debts named in the prior two security deeds. No attack is made on this deed. Each of the security deeds contained a power of sale. The deed executed under the power in the security deeds contained proper and sufficient recitals of compliance with the conditions of exercising the power. No facts are alleged showing why this deed was fraudulently obtained. It is not alleged that the consideration recited therein has not been applied to the payment of the indebtedness. We fail to see any reason why the petition should have been sustained as against the demurrers. The petitioner is bound by the contract he executed and delivered, in the absence of any contrary showing. Nothing else appearing, can it be said to be fraud if one exercises the rights given him under a valid and binding contract? We do not think so.

*Judgment affirmed. All the Justices concur, except Atkinson, J., absent because of illness.*