## DUNCAN *v.* DUNCAN.

No. 11848. June 16, 1937. Rehearing denied July 10, 1937.

*Louis M. Tatham* and *Homer A. Glore,* for plaintiff in error.

*Harold Hirsch, Marion Smith, D. F. McClatchy Jr.,* and *E. D. Smith Jr.,* contra.

Jenkins, Justice. ■ In this suit for divorce by a wife against a husband on the ground of cruel treatment, it was held, on the writ of error from a first verdict in favor of the wife, that "the evidence was sufficient to support the verdict." *Duncan* v. *Duncan,* 183 *Ga.* 570 (187 S. E. 859). On this writ of error from a second verdict in her favor, the evidence as to cruel treatment being substantially similar to that at the first trial, the contentions as to the absence of cruel treatment under the general grounds that the verdict was unsupported by evidence, that the evidence was too general and indefinite to permit the defendant to do more than make a general denial, and that the allegations of the amended petition were insufficiently supported by proof of specific acts, are without merit.

■ "If there has been a voluntary condonation and cohabitation subsequently to the acts complained of, and with notice thereof, then no divorce shall be granted." Code, § 30-109. "Condonation has been defined to be the forgiveness, either express or implied, by a husband of his wife, or by a wife of her husband, for a breach of marital duty, with an implied condition that the offense shall not be repeated." *Davis* v. *Davis,* 134 *Ga.* 804 (68 S. E. 594, 30 L. R. A. (N. S.) 73, 20 Ann. Cas. 20). It has been held: "Condonation is not so readily presumed against the wife, as the husband. Knowledge of the guilt of the husband, and forgiveness by the wife, are not legally to be presumed, but must be clearly and distinctly proved, in order to bar her action." *Odom* v. *Odom,* 36 *Ga.* 286 (5), 318; *Lowry* v. *Lowry,* 170 *Ga.* 349, 354 (8, *a*) (153 S. E. 11, 70 A. L. R. 488). In *Phinizy* v. *Phinizy,* 154 *Ga.* 199

(3, c), 215 (114 S. E. 185), it was held: "Sexual intercourse is not an essential element of condonation, although it is conclusive evidence thereof. . . A single act . . by the innocent spouse, after the discovery of the offense, is ordinarily sufficient to constitute condonation, especially against the husband." And the strong though rebuttable presumption that a marital act occurs where the parties occupy the same room is not overcome by testimony of the husband that they occupied separate beds and such an act did not occur, where he fails "to give the facts and circumstances under which he found himself occupying the same room with his wife" in a hotel, and where the wife testifies that a marital act did occur. But where, as in the instant case under the evidence of the plaintiff wife, the cruel treatment was continuous until she left her husband, and the only evidence relating to her alleged condonation was that, after certain specific acts relied upon to show cruel treatment, she merely continued to occupy the same apartment with him, without any evidence that they occupied the same sleeping-room, and where testimony was specific that "we were not living as man and wife," and that "there was no condonation on my part of the acts" of the husband, the general presumption of matrimonial cohabitation and condonation by the wife, arising from their occupancy of the same set of apartments, was sufficiently rebutted by her testimony to fully authorize a finding in her favor on the question of condonation. In *Buckholts v. Buckholts*, 24 *Ga.* 238 (12), 243, *Sasser* v. *Sasser*, 69 *Ga.* 576, and *Kendrick* v. *Kendrick*, 173 *Ga.* 434 (2) (160 S. E. 502); where the conduct of the wife was held to amount to a condonation, the proof as to a resumption of an act of the marriage relation was clear and unquestioned. See also, as bearing upon this question, *Whitfield* v. *Whitfield*, 89 *Ga.* 471 (15 S. E. 543); *Pinnebad* v. *Pinnebad*, 134 *Ga.* 496 (3) (68 S. E. 73); *Wilkinson* v. *Wilkinson*, 159 *Ga.* 332, 334 (125 S. E. 850), where it was held that a continuance for three years of wilful, persistent, and unjustifiable denial by a wife to her husband of conjugal rights, with the intention of completely and permanently casting him off as a husband, will constitute a "desertion" under the Code, even though the wife may remain in the same house with her husband. See also 19 C. J. 87, § 202, and cit.

604

■ The recovery, included in the verdict, of furniture and an insurance policy as the wife's own property was fully authorized. *Judgment affirmed. All the Justices concur.*