PARIS *v.* PARIS.

No. 14708.   December 1, 1943.

*Howard, Camp & Tiller,* for plaintiff.

*Carl T. Hudgins,* for defendant.

WYATT, Justice.   ■   Lewie M. Paris brought suit for divorce against his wife, Clara Gay Paris.   The suit was based on allegations of cruel treatment.   The wife denied the acts of cruelty alleged against her and opposed his prayer for divorce.   She also charged her husband with cruelty of and towards her, and asked that she be granted a divorce.   She prayed for permanent alimony and attorney's fee.   She later abandoned her prayer for a divorce.   The jury denied the husband a divorce, and found in favor of alimony for the wife and minor children.   The husband's motion for a new trial was overruled, and he excepted.

There is only one special assignment of error, and that complains because the judge gave in charge to the jury the law of condonation in its relation to cruel treatment.   No attack is made on the charge itself; in fact, it is conceded that the charge complained of stated a correct principle of law.   The complaint is based upon the contention that the charge on the subject of condonation was not applicable to the pleadings or the evidence.   The husband testified to the effect that he and the defendant were married in March 1928, and separated in May 1940, and that they had four children ranging in ages from five to twelve years.   He said: "To state in a general way the conditions under which we were living and what brought about the separation between Mrs. Paris and me, soon after we were married I realized that I had quite a problem on my hands in order to make a go of my married life, but I was perfectly willing to put out whatever effort was necessary for me to do in order to make that home.   In the very beginning she demonstrated her inability to keep a home, and that she couldn't properly prepare food."   He then enumerated instances running all through their married life in which he contended that his wife would not prop-

erly keep the home, did not properly look after the children, was unclean as to her person and clothing, and that he moved nine times because she would become dissatisfied; that she made no effort to cultivate friends; that he could not invite his friends to his home because of the unclean manner in which she kept the house. He said that it was necessary for him to do the house cleaning, and often the washing. The evidence disclosed, however, that all during this time from March 1928, to May 1940, he continuously lived with his wife. There were seven children, four of whom were living. He then testified: "When I talked to my wife about it, on occasions she would promise to do better, but that is as far as it got, she never did do any better after having promised to. On some few occasions she promised to do better, and seemed to have a co-operative attitude towards me the immediate time I was talking to her, but very soon it would be off and forgotten. I finally determined that it was not possible for me to continue to live with my wife under the existing conditions without danger to my health. I finally separated on that account." The Code, § 30-109, with reference to condonation provides: "If there has been a voluntary condonation and cohabitation subsequently to the acts complained of, and with notice thereof, then no divorce shall be granted; and in all cases, the party sued may plead in defense the conduct of the party suing, and the jury may, on examination of the whole case, refuse a divorce." In *Wilson* v. *Wilson*, 174 *Ga.* 238, 241 (162 S. E. 540), the court quoted with approval the following charge: "The law provides that condonation may be more readily presumed against the husband than the wife, and condonation may be presumed from cohabitation. Cohabitation has been defined by the courts to mean a dwelling together." The complaining party in the case now under consideration is the husband, and he cohabited with his wife subsequently to many of the acts complained of. As a matter of fact it does not appear from the evidence when the promises, about which the husband testified, were made by the wife with reference to the date of the separation, nor does it appear what acts of cruelty, if any, were committed by the wife subsequently to making the promises. This court said as early as 1867 when the above-quoted section was under consideration that "condonation is not so readily presumed against the wife, as the husband." *Odom* v. *Odom*, 36 *Ga.* 286, 318. See in this connection,

*Phinizy* v. *Phinizy,* 154 *Ga.* 199 (114 S. E. 185) ; *Lowry* v. *Lowry,* 170 *Ga.* 349, 354 (153 S. E. 11, 70 A. L. R. 488). Whether the husband had condoned any of the acts of alleged cruelty about which he complained, was a question for determination by the jury, and the trial judge properly charged the jury on this subject.

The second headnote needs no elaboration.

The court did not err in overruling the motion for new trial.

*Judgment affirmed.  All the Justices concur.*