HINKLE *v.* HINKLE (two cases).

Nos. 18096, 18097. Submitted January 15, 1953—Decided February 9, 1953—Rehearing denied February 25, 1953.

Hudson & LeCraw and John H. Hudson, for plaintiff in error. Howard, Tiller & Howard, E. Freeman Leverett, and Howard, Howard, Slaton & Holt, contra.

HEAD, Justice. In his petition, after charging that his wife denied him "connubial rights," the husband charged that she was constantly "fussing and arguing with him about small and trivial matters . . with the calculated intent of causing him great mental pain and anguish." In ground 6 of the amended motion to set aside the verdict and judgment, it is insisted that the court erred in admitting in evidence testimony to the effect that the wife denied her husband "conjugal rights," over the objection that such denial was not cruel treatment as defined by our law.

It has been held by this court that the denial of "conjugal rights" will not authorize a divorce on the grounds of cruel treatment. *Pinnebad* v. *Pinnebad*, 134 *Ga.* 496 (68 S. E. 73). A denial of such rights for the period provided by the statute may be the equivalent of desertion and afford grounds for a divorce. *Whitfield* v. *Whitfield*, 89 *Ga.* 471 (15 S. E. 543); *Westberry* v. *Westberry*, 173 *Ga.* 42 (159 S. E. 671); *Duncan* v. *Duncan*, 184 *Ga.* 602 (192 S. E. 215). In the present case the alleged denial could not have continued for the period provided by the statute (Ga. L. 1946, p. 91; Code, Ann. Supp., § 30-102 (7)), since the separation took place approximately three months after the marriage.

In admitting the evidence objected to, the trial judge stated: "I am going to let you go into the question of marital status on the basis of cruel treatment." In his charge to the jury the trial judge made no reference to the alleged denial of "conjugal rights." He properly charged the jury that cruel treatment which will authorize a divorce in this State is the "wilful infliction of pain, either bodily or mental, upon the complaining party such as will reasonably justify an apprehension of danger to life, limb, or health." Ga. L. 1946, pp. 90, 91 (Code, Ann. Supp., § 30-102 (10)).

Whether or not a denial of "conjugal rights" might properly be said to illustrate marital status and the alleged "calculated

intent" of inflicting mental pain and anguish, is a question that might properly be given consideration by the jury in connection with other testimony tending to establish the allegations of cruel treatment. Certainly marital status is not limited to one act, or to a series of acts of a similar character. It covers the whole marriage relationship; and a course of conduct over a period of time which, within itself, would not amount to cruel treatment, might be found by the jury to be an integral part of a "calculated intent" to create an intolerable situation.

The general grounds of the motion to set aside attack the verdict as being without evidence to support it on the grounds of cruel treatment. The plaintiff charged the movant with "fussing and nagging." In her testimony she explained her conduct by saying that she frequently had to "admonish" her husband. From the days of Solomon to the present time, men have recognized the peculiar ability of some women to drain from the wine of joy the bitter dregs of unhappiness. Solomon said: "It is better to dwell in the wilderness, than with a contentious and angry woman." Proverbs, 21:19. In an old Scottish poem attributed to Burns, but which Burns never claimed, it is said:

"I married with a scolding wife,
The fourteenth of November;
She made me weary of my life
By one unruly member."

Quotations of a similar character might be set forth ad infinitum.

The jury was amply authorized to find, upon a consideration of all the evidence, that cruel treatment as defined by our law had been inflicted upon the husband by the conduct of the wife.

■ Ground 4 is clearly without merit. After providing for a total divorce between the parties and finding in favor of the "plaintiff," the jury found alimony in a stated amount for the "defendant." The verdict and judgment is not subject to the objection that it is so vague and indefinite that it must be set aside.

■ Ground 5 of the original motion, and grounds 2, 3, 4, and 5 of the amended motion, attack the verdict and judgment finding that the title to a certain described automobile was in the

plaintiff, Dr. Hinkle. It is contended that no issue was ever made or joined on the question of title, that it was error to admit evidence of a bill of sale to the automobile, and that the court erred in charging the jury that they should make a finding as to the title to this particular property.

It is true that Dr. Hinkle's petition did not list this automobile as his property. It is likewise true that he listed no property, nor was he required to list property of the parties, since his action was for divorce only. See Ga. L. 1946, pp. 90, 91 (Code, Ann. Supp., § 30-105). Under the Code section last cited, when the wife filed her petition for divorce and alimony, it was required that her petition "show the property and earning of each party."

We recognize the well-established rule as contended by counsel for the movant, that where pleadings are so defective that no valid verdict can be rendered, the judgment will be set aside. Code, § 110-704. This rule has no application in the present case. The two petitions for divorce having been consolidated for trial, the issue was before the jury as to the title to the automobile. If, under the rules of pleading, Dr. Hinkle should have filed an amendment to his petition, joining issue as to the title to the automobile, this defect in his pleadings would have been amendable. A judgment may not be set aside for any defect that is amendable as a matter of form. Code, § 110-705. An amendable defect is cured by judgment. *Steers & Co.* v. *Morgan & Armspaugh,* 66 *Ga.* 552, 555 (2); *Moss & Co.* v. *Stokeley,* 95 *Ga.* 675, 678 (22 S. E. 692); *Laramore* v. *Dudley,* 145 *Ga.* 102 (3a) (88 S. E. 682); *Mell* v. *McNulty,* 185 *Ga.* 343 (195 S. E. 181); *Burch* v. *Dodge County,* 193 *Ga.* 890 (20 S. E. 2d, 428); *Stowers* v. *Harris,* 194 *Ga.* 636, 638 (22 S. E. 2d, 405).

Under the foregoing rulings, the trial judge did not err in overruling the motion to vacate and set aside, as amended.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., and Wyatt, J., not participating.*