18892. COLVIN *v.* COLVIN.

Argued March 14, 15, 1955—Decided April 11, 1955—
Rehearing denied May 11, 1955.

*Walter McCurdy, Hubert C. Morgan,* for plaintiff in error.

*Thomas T. Purdom, Grant, Wiggins, Grizzard & Smith,* contra.

MOBLEY, Justice. ■ The wife complains in her motion to modify or set aside the verdict and decree, that the trial court erred in instructing the jury: "Now the court charges you with respect to recohabitation; that if the parties in good faith effected a reconciliation and intended to live together as husband and wife, there is a recohabitation. Cohabitation by a man and woman as husband and wife is living in the same or common place of abode. The assumption of privileges and benefits, and this may include participation in sexual relationships although the mere casual acts of sexual intercourse are not conclusive evidence of a reconciliation, but such acts if there be such, may be taken into consideration by the jury along with the other testimony, circumstances and facts in the case in arriving at their findings as to whether the parties in this case have recohab-

ited since January 30, 1953. There must be an intention between the parties to recohabitate."

The criticism is: (1) The charge was erroneous, misleading, and confusing to the jury and an incorrect statement of the law with respect to recohabitation, in that the court defined it as the husband and wife living in the same or common place of abode. (2) The wife contends that the parties had recohabited, in that the husband had spent the night in her apartment and had spent several hours therein, and that they had relations as husband and wife, but that, due to limited facilities, it was not possible to dwell together in said apartment, and that the charge took from the consideration of the jury the question of cohabitation under the circumstances quoted and as contended by the wife.

The Code, § 30-109, declares: "If there has been a voluntary condonation and cohabitation subsequently to the acts complained of, and with notice thereof, then no divorce shall be granted." And Code § 30-217 declares: "The subsequent voluntary cohabitation of the husband and wife shall annul and set aside all provision made, either by deed or decree, for permanent alimony."

In *Chapman* v. *Gray*, 8 *Ga.* 341 (3), it was held: "An agreement for a separation will be rescinded, if the parties afterwards cohabit or live together, as husband and wife, by mutual consent." In *Weeks* v. *Weeks*, 160 *Ga.* 369, 371 (127 S. E. 772), it was said: "If, after such alimony was granted to the wife when she and her husband were living separately or in a bona fide state of separation, which fact alone would have authorized the court to grant this alimony, the wife and husband subsequently and voluntarily cohabited, the effect of their subsequent voluntary cohabitation would be to annul and set aside all provision made by the order or decree of the court granting the same to the wife." In *Brown* v. *Brown*, 210 *Ga.* 233 (1) (78 S. E. 2d 516), it was held: "A previous decree for temporary or permanent alimony for a wife is annulled, set aside, and rendered void ipso facto by the subsequent voluntary cohabitation of the husband and wife, and is not res judicata of the right of the wife to recover temporary and permanent alimony and attorney's fees in a divorce proceeding instituted by the wife after a separation which takes place following the voluntary cohabitation."

Cohabitation has been defined by the courts to mean "to dwell together" or "a dwelling together." *Phinizy* v. *Phinizy*, 154 *Ga.* 199, 215 (114 S. E. 185) ; *Wilson* v. *Wilson*, 174 *Ga.* 238 (2) (162 S. E. 540). In 26 Am. Jur. 635, § 7, the author said: ". . . By the matrimonial contract husband and wife are to live together. The term 'living together,' as applied to husband and wife, does not always mean a common place of living, but means living as husband and wife with voluntary recognition of the relationship, and no design or agreement to live apart with the chief end in view that of living apart free from reciprocal marital rights and duties; and on the other hand, the term 'living apart,' as applied to the spouses, does not always mean that they are not living in the same place, for even though they reside at the same place, they may not be living there as husband and wife, and hence, in such sense they are 'living apart.' " See also "cohabit" as defined in 14 C. J. S. 1311.

In *Westberry* v. *Westberry*, 173 *Ga.* 42 (1) (159 S. E. 671), it was held: "The allegation that the parties live in the same family dwelling, when taken in connection with the further allegation that they 'are living separate and apart,' is a sufficient allegation of living in a state of separation."

The definition given by the court, to wit, "Cohabitation by a man and woman as husband and wife is living in the same or common place of abode," is a requirement not necessarily contemplated in Code § 30-217. There may be a voluntary cohabitation of a husband and wife without actually living in the same or common place of abode. If there is reconciliation in good faith upon the part of the husband and wife, and it is their intention to cohabit as husband and wife, and acting upon said reconciliation and intention, they do resume their marital status and live together as husband and wife, there is cohabitation within the meaning of the Code section above cited. The word "cohabitation" as used in the statute means the dwelling or being together as a man and wife. It does not, as above indicated, necessarily mean to live in the same or common place of abode, for these words are not an essential part of the definition.

Under the court's definition of cohabitation, the jury under the evidence in this case were not authorized to find that there had been cohabitation between the parties, although they might

have believed the wife's testimony to the effect that there had been a dwelling together as husband and wife in a place other than "the same or common place of abode" of the husband and wife.

The error in defining the word "cohabitation" was therefore harmful to the wife, and requires the grant of a new trial. *Wilson* v. *Wilson,* 174 *Ga.* 238, 241 (162 S. E. 540); *Powell* v. *Powell,* 196 *Ga.* 694, 700 (27 S. E. 2d 393); *Paris* v. *Paris,* 197 *Ga.* 162, 164 (28 S. E. 2d 452); *Powell* v. *Powell,* 199 *Ga.* 723, 730 (35 S. E. 2d 298).

■ ■ The rulings announced in the second and third headnotes do not require elaboration.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., who dissents.*

DUCKWORTH, Chief Justice, dissenting. I dissent from the ruling in division 1 of the opinion and from the judgment of reversal.