## 19374. SAMFORD *v.* SAMFORD.

MOBLEY, Justice. On October 15, 1954, Mrs. Jewell Bowden Samford filed her petition in Fulton Superior Court, seeking a divorce on the ground of cruel treatment. The defendant filed an answer denying the allegations of the petition. At the trial on June 1, 1955, the jury awarded the plaintiff a divorce and alimony and awarded custody of their minor child to the plaintiff. On June 30, 1955, the defendant filed a motion to set aside the verdict and judgment, which was denied on January 3, 1956. Thereafter, on January 27, 1956, he filed a motion for new trial which, on March 7, 1956, was likewise denied. To the order denying his petition to modify and set aside the verdict and judgment for divorce, and to the order denying his motion for new trial, the defendant excepts. *Held:*

1. In *Huguley* v. *Huguley,* 204 Ga. 692, 696 (51 S. E. 2d 445), it was held that, upon a review by a motion for new trial of a judgment which denied a petition to vacate and set aside a divorce decree, the review is confined to a consideration of the judgment rendered on the petition to vacate and set aside. This being the law in such cases, a consideration of the judgment denying the petition to modify and set aside, which judgment is assigned as error in the motion for new trial, will be determinative of the case. The defendant's petition attacks the verdict and judgment solely upon the grounds that they are contrary to the evidence, contrary to the law, and without evidence to support them. There is evidence that for four or five months prior to the separation of the parties the defendant became very morose; he would leave home before breakfast and would not return until late at night; he began frequently seeing and being in the company of another woman; he told his wife he did not love her and that she did not love him, and that their marriage was a mistake; he told her that she was childish and was not his social equal; that if she did not get a divorce, he would go to Florida and get a divorce from her; on one occasion he left the family car with

the other woman and his wife had to go and get it; he lost all interest in his home life, wife, and child; he resented any demonstration of affection from his family. The plaintiff was very upset by the actions of her husband and brought her action for divorce when, as she testified, she "couldn't stand it any longer." She was made ill and extremely nervous by her husband's conduct, and has to be treated by a physician more or less regularly because of her nervous condition. In *Hinkle* v. *Hinkle*, 209 *Ga.* 554 (1) (74 S. E. 2d 657), it was held: "Acts or conduct of the defendant which would not amount to cruel treatment when considered alone might be found by the jury to enter into an alleged 'calculated intent' by the defendant of causing the plaintiff 'great mental pain and anguish.'" The evidence is sufficient to sustain the verdict of the jury; and it was not error to deny the defendant's motion for new trial, which complained of the trial court's denial of the petition to modify and set aside the verdict and judgment for divorce and alimony.

*Judgment affirmed. All the Justices concur.*

Argued June 13, 1956—Decided July 10, 1956.

*James C. Grizzard, Frank A. Bowers, Robt. W. Spears,* for plaintiff in error.

*James K. Rankin, C. B. Rogers, Powell, Goldstein, Frazer & Murphy,* contra.