26682.   HARKNESS v. HARKNESS.

SUBMITTED SEPTEMBER 14, 1971—DECIDED OCTOBER 8, 1971.

*Harrison, Jolles & Sams, Otis W. Harrison,* for appellant.
*Samuel F. Maguire, Andrew J. Kilpatrick, II,* for appellee.

ALMAND, Chief Justice. The appeal is from an order overruling a motion for a new trial in a divorce case.

Daniel H. Harkness in his complaint against Jeanne S. Harkness sought a divorce on the ground of cruel treatment. The jury returned its verdict granting a total divorce on his complaint.

The defendant's motion for a new trial as amended was overruled and she in her appeal enumerates as error the assignments of error in her motion for a new trial.

■ Error is assigned on the refusal of the court, on request, to charge the jury that ["The] denial of conjugal rights will not authorize a divorce on the grounds of cruel treatment." Standing alone, the husband having testified that the defendant for a long period of time prior to the separation had denied him conjugal rights as a part of his grounds of cruel treatment, the requested instruction stated a correct principle of law (*Pinnebad v. Pinnebad*, 134 Ga. 496 (2) (68 SE 73)), but this principle of law was covered by the court giving in charge to the jury the following charge requested by the defendant: "In order for the denial of conjugal rights to afford rights for the divorce, the plaintiff must show that there was such a denial, that it was wilful, persistent and without justification and done with an intent to cast him off as a husband completely and forever." The fact that the court in reading this charge to the jury used the word "rights" instead of "grounds" did not render the charge erroneous.

Enumerated errors 4 and 6 are without merit.

■ Enumerated error No. 8 complains that the court erred in failing to give defendant's written request to charge as to the kind of cruel treatment as grounds for a divorce.

The court gave in charge as to cruel treatment the definition in *Code Ann.* § 30-102.

The failure of the court to give the requested charge in the exact language requested, where the charge given covered the same principle of law, is not a ground for a new trial. *Code Ann.* § 70-207. *Hardwick v. Price,* 114 Ga. App. 817, 821 (152 SE2d 905).

■ The court did not err in refusing to direct a verdict in favor of the defendant.

■ This court, in *Hinkle v. Hinkle,* 209 Ga. 554, 556 (74 SE2d 657) said: "Whether or not a denial of 'conjugal rights' might properly be said to illustrate marital status and the alleged 'calculated intent' of inflicting mental pain and anguish, is a question that might properly be given consideration by the jury in connection with other testimony tending to establish the allegations of cruel treatment. Certainly marital status is not limited to one act, or to a series of acts of a similar character. It covers the whole marriage relationship; and a course of conduct over a period of time which, within itself, would not amount to cruel treatment, might be found by the jury to be an integral part of a 'calculated intent' to create an intolerable situation." Considering the evidence in this case in light of the above quotation, it was sufficient to support the verdict granting a divorce on the husband's complaint.

It was not error to overrule the motion for a new trial.

*Judgment affirmed. All the Justices concur.*