## BUTLER *v.* THE STATE.

1. In connection with the other portions of the charge on the subject of reasonable doubt there was no error in charging: "In this case, as in all criminal cases, the defendant enters upon the trial clothed with the presumption of innocence. This presumption remains with him until the State demonstrates his guilt to your satisfaction by competent testimony to a moral and reasonable certainty."

2. Under the facts of the case and the general charge, the use of the words "without fault," in charging in regard to self-defense and defense against a felonious attack, will not require a new trial.

(a) The assignments of error upon the other portions of the excerpt from the charge, referred to in the 2nd ground of the amendment to the motion for new trial, are not meritorious for any reason assigned, or of such character as to require elaboration.

3. It is not error to instruct the jury on the sufficiency of evidence to authorize a conviction in a criminal case, in the language of the Penal Code, § 1013.

4. An instruction that before the homicide will be reduced to manslaughter there must be an absence of malice either express or implied is not erroneous.

5. Evidence that the county commissioners declined to pay a justice of the peace for holding an inquest over the deceased was irrelevant, and was properly rejected.

6. The State produced a witness who testified that a few minutes before the homicide he left the accused and the deceased alone at the store of the latter, engaged in a friendly conversation, the deceased sitting in a chair, and that immediately upon hearing shots he returned to the store and found the body of the deceased on the floor, and his hat resting partly on the floor and partly turned up against the chair, and his pipe on the floor, and fresh tobacco "poured out," and a match between his fingers. It was not error to permit the witness to further testify that the deceased "generally laid his hat aside when he sat down for a conversation, and lit his pipe to smoke; he generally laid his hat down where I saw it that night," over the objections: (a) that it was not proper to prove the position of his hat on that occasion by his custom;

(*b*) that the testimony expressed a mere opinion of the witness, and was mere hearsay.

7. The 7th ground of the amended motion for new trial, and the last ground, which is referred. to as the supplemental ground, relate to a colloquy between the court and counsel for the defendant, and to the competency of a juror. As a new trial will be granted on other grounds, and the same questions are not likely to arise on a subsequent trial, it is not necessary to make any rulings upon assignments of error based on these grounds.

8. Under the circumstances of this case it was not erroneous to allow a witness to testify that he heard the defendant, two or three hours before the homicide, while in a conversation with a third person, say, "I could kill him," although the witness did not hear any names called. *Warrick* v. *State*, 125 *Ga.* 133 (53 S. E. 1027); *Hixon* v. *State*, 130 *Ga.* 479 (3), 482 (61 S. E. 14).

9. A photograph of the scene of the homicide, in which a person was made to represent the position of the deceased as found immediately after he was shot, was admitted in connection with the testimony which tended to show that the body of the deceased was found in the position of the person as represented in the photograph, as illustrative of the surroundings at the time of the homicide. It was not error to admit this evidence over the objections: (*a*) that the photograph "did not show the correct position of the dead man, because there were no eye-witnesses;" (*b*) that "the ruling of the court expressed an opinion as to the evidence in the case."

10. The testimony of the witness for the State, as referred to in the 10th ground of the amended motion, tended to contradict the statement of the accused, and was properly admitted.

11. Improper remarks of counsel in his address to the jury in this case, to which appropriate objections were promptly urged, but which were allowed to go unrebuked and with the apparent sanction and approval of the court, require the grant of a new trial.

AUGUST 18, 1914.

Indictment for murder. Before Judge Hawkins. Laurens superior court. May 20, 1914.

*John R. Cooper* and *H. P. Howard*, for plaintiff in error.

*Warren Grice, attorney-general, E. L. Stephens, solicitor-general,* and *J. S. Adams,* contra.

ATKINSON, J. 1-10. The rulings announced in headnotes 1 to 10, inclusive, do not require further reference.

11. While addressing the jury counsel for the State used the following language: "Gentlemen of the jury, the defendant has not put his character in issue in this case, and for that reason we can not attack it; we can discuss his drunkenness. The rule of law is that when the defendant puts his character in issue, then the State can rebut it; but when the defendant does not put his

character in issue, the State can not introduce testimony showing up his character. So we are estopped in this case from saying anything about his character." The defendant's counsel immediately moved for a mistrial on the ground that the defendant did not put his character in issue, and therefore counsel for the State had no right to discuss it one way or the other. The court overruled the motion to declare a mistrial, and failed either to rebuke the attorney or censure him for the argument. Exception was duly taken to this action of the court. A defendant charged with murder has the right to put his character in issue, and when put in issue by him it is to be regarded as a substantive fact. If the defendant does not see proper to avail himself of this privilege which the law affords him, the State can not introduce evidence relating to his general character. It is highly improper for counsel to discuss the general character of the accused when such character has not been put in issue. *Bennett* v. *State,* 86 *Ga.* 401 (12 S. E. 806, 12 L. R. A. 449, 22 Am. St. R. 465). The argument of counsel concedes this to be the law, but its effect was, nevertheless, to discuss the general character of the accused. The inference to be drawn from the remarks of counsel was, that, had not the State, been prevented by law from introducing testimony relating to the general character of the accused, the State could have introduced evidence to show that such character was bad. This was calculated to prejudice the minds of the jury against the accused to the same extent as if counsel had expressly declared that the character of the accused was bad and that the State could have produced evidence to that effect. Upon objection being made the court did not rebuke counsel or adopt other means to prevent the improper effect upon the minds of the jury, but permitted the argument to go the jury with the apparent approval and sanction of the court. To do so was error requiring the grant of a new trial.

*Judgment reversed. All the Justices concur, except Fish, C. J., and Lumpkin, J., dissenting.*

Lumpkin, J. I can not concur in the reversal of the case based on the refusal of the trial judge to grant a mistrial because of remarks of counsel for the State during his argument to the jury, and the failure to rebuke counsel for making the remarks. We do not differ about the general rule of law, but in regard to its application to this case. Undoubtedly the State can not introduce evidence as to the general character of the accused, unless he first puts his

character in issue. There is also no doubt that it is improper for the State's attorney to argue to the jury that the general character of the accused is bad, if there is no evidence in respect to it; or that it would be highly reprehensible for a member of the honorable profession of the law to endeavor by indirect and unfair means to get before the jury that which he can not directly and legitimately lay before them. These rules are beyond dispute. But do they apply to this case so as to require a reversal?

There was no eye-witness to the homicide. It occurred at night in the store of the deceased. Persons near by heard the shots and went to the place. The accused relied on his unsworn statement, claiming that the deceased attacked him with a pistol and he fired during a scuffle. He admitted having had a fight with the deceased about two years before the homicide, when he said that both were drunk. He further stated that some time later the deceased became angry with him because of his action when the deceased was disorderly and when the accused had been deputized to assist the town marshal. He claimed, however, that he thought both difficulties had been adjusted; but that the deceased was drinking on the night of the homicide, and again brought up the last trouble. He admitted that he took a small drink with the deceased that night, but stated that he refused another, saying that he had quit drinking, and had not drunk any since the previous July. The State introduced evidence in rebuttal of a number of the assertions made by the accused, and tending to show that he had been under the influence of liquor since July, and had been drinking on the day of the homicide. There was also evidence of a statement by him, two or three hours before the homicide, that he could kill "him," without naming any person. Under such facts, counsel for the State could not argue the general character of the accused, but he could discuss the evidence in regard to the drinking by the accused and draw legitimate inferences therefrom. This was the law, and counsel for the State, in effect, so told the jury. Under these facts, I am unable to see that his doing so demanded a mistrial. Perhaps his expression that, when the accused does not put his character in evidence, "the State can not introduce testimony showing up his character," may not have been an apt mode of expression, but it neither furnished cause for a mistrial, nor required a rebuke;

nor can I agree that it showed an effort improperly to place before the jury facts not shown by the evidence. I am authorized by Chief Justice Fish to state that he concurs in the foregoing dissent.