SINGLEY *et al. v.* THE STATE.

No. 14937.    SEPTEMBER 6, 1944.

214

Reuben M. Tuck and C. L. Redman, for plaintiffs in error.

T. Grady Head, attorney-general, Roy Leathers, solicitor-general, and Victor Davidson, assistant attorney-general, contra.

DUCKWORTH, Justice. █ "Where one inflicts an unlawful injury, such injury is to be accounted as the efficient, proximate cause of the death, whenever it shall be made to appear, either that (1) the injury itself constituted the sole proximate cause of the death; or that (2) the injury directly and materially contributed to the happening of a subsequent accruing immediate cause of the death; or that (3) the injury materially accelerated the death, although proximately occasioned by a pre-existing cause." Wilson v. State, 190 Ga. 824, 829 (2) (10 S. E. 2d, 861). The true rule is so clearly stated in the Wilson case, that it is thought worth while to quote it here. Tested by that rule, the general grounds of the motion for new trial in the present case are without merit. The evidence fully warranted the verdict on both (1) and (2) of the grounds stated in the rule. The physician who attended the deceased and performed the autopsy testified: "After I performed the autopsy, in my opinion this deceased could not have recovered under any conditions at all from the wound. . . This wound of the liver would have killed him regardless of what I would have done, but at the time I admit I didn't diagnose

the injury. You can't always find those things. They have to gradually develop. Whether or not he died of pneumonia, the direct or proximate cause of his death was internal hemorrhage. . . Internal hemorrhage is my diagnosis of his death. He had pneumonia but if he hadn't been in a weakened condition he would not have gotten pneumonia." This evidence, together with the proof that the defendants assaulted the deceased and inflicted the wounds set out in the statement of facts, abundantly supports the verdict of guilty. The general grounds of the motion for new trial are without merit.

■ The first special ground relates to the charge on the cause of death. It sets forth a portion of the charge wherein the court said: "With reference to the cause of death where death results from an occurrence such as set out and charged in this bill of indictment, I charge you that if one should willfully, unlawfully, and with malice aforethought strike another with a weapon, thereby inflicting a wound which, though not necessarily a mortal wound, is the primary cause of a disease which brings about the death of the wounded person, then the one striking such a blow would be guilty of murder." The excerpt then applied the rule to the instant case, and charged further that one thus responsible would not be relieved on account of negligence or lack of skill in the treatment of such wound—that it was for the jury to say if the wounds were inflicted upon the deceased, and, if so, if either of the defendants inflicted such wounds, and what was the effect of such wounds, and whether or not they were the primary cause or secondary cause of the death of the deceased, or whether they were related to the death. The movants concede that the charge is a correct statement of law and more than covers the State's theory, but it is insisted that "as framed and given" it excluded from the jury's consideration the theory of the defense, to wit, "from considering any other independent or natural causes which did not set in motion any other or secondary cause from which the deceased died." It is contended that the jury could have found from the evidence that death resulted from natural and independent causes unrelated to any wound or wounds, and that, in the absence of any request, the court should have submitted in its charge this theory of the defendants. In *Pressley* v. *State*, 19 *Ga.* 192 (3), it was said: "It is not error in the court to decline to charge that the prisoner

is not liable, if the death was produced by bad surgery, if there were no evidence of bad surgery in the case." It appeared in that case that death resulted from hemorrhage some five days after the removal of the patient, and the court (page 195) said: "But even if this removal of the decedent, or any such act not plainly shown to have been unreasonable and wrong, had been the immediate cause of the death; still, would the prisoner be responsible for the act, unless, indeed, it were plainly shown that the wound was not, in its nature, mortal. And even unreasonable and injudicious treatment, which might be supposed to have been the immediate cause of the death, should not relieve the perpetrator of such an offense, unless it were clearly shown that the wound was not necessarily mortal." The only evidence of pneumonia of the deceased in the present case was that given by the attending physician, who testified without qualification that the wound in the liver was mortal, and that "this wound of the liver would have killed him regardless of what I would have done," and again: "In my opinion this deceased could not have recovered under any conditions at all from the wound." And, in reference to the pneumonia, this witness testified: "The direct or indirect cause of his death was internal hemorrhage. . . He had pneumonia, but if he hadn't been in a weakened condition he would not have gotten pneumonia." Elsewhere in the charge, the court had instructed the jury that in order to convict the defendants it would be necessary for the State to prove the crime as alleged in the indictment beyond a reasonable doubt, and that if the jury entertained any doubt of the guilt of the accused, they should acquit them. The excerpt from the charge set forth in this ground simply gave the jury a correct statement of the rule and what it would be necessary for the State to prove in order to convict. Obviously this charge is not subject to the criticism of the movants that it excluded from the consideration of the jury facts which would require an acquittal. It sought only to state those things which it would be incumbent upon the State to prove to the satisfaction of the jury in order to convict. Clearly the charge did not require the jury to disregard evidence that would disprove the facts essential to convict. The evidence did not make a case of death from natural causes independently of the wounds, and, hence, the charge contended for by the movants would not have been authorized by

the evidence. Compare *Clements* v. *State,* 141 *Ga.* 667 (81 S. E. 1117); *Wafford* v. *State,* 163 *Ga.* 304 (3) (136 S. E. 49); *Wilson* v. *State,* supra; *Wilensky* v. *State,* 15 *Ga. App.* 360 (2) (83 S. E. 276); *Key* v. *State,* 21 *Ga. App.* 300 (2) (94 S. E. 283). This ground of the motion for new trial is without merit.

 The other special ground is not approved by the trial judge. The order of the judge expressly disapproved material portions thereof. There are in this record what purport to be affidavits, one made by counsel for one of the movants, and another by seven of the trial jurors, testifying to the correctness of this ground. There is also in the record an affidavit by the solicitor-general testifying to its incorrectness. None of these, if properly authenticated, would or could be considered by this court. It is the settled rule that the Supreme Court will not pass upon a ground of a motion for new trial which is not unqualifiedly approved by the trial judge. *Clifton* v. *State,* 187 *Ga.* 502 (2) (2 S. E. 2d, 102). This ground can not be considered.

*Judgment affirmed. All the Justices concur.*