## BRYAN *v.* THE STATE.

No. 16837. OCTOBER 11, 1949.

74

*William A. Wells Jr.*, and *Jack E. Miller*, for plaintiff in error.

*Eugene Cook, Attorney-General, Andrew J. Ryan Jr., Solicitor-General, Sylvan A. Garfunkel, Herman W. Coolidge,* and *Frank H. Edwards,* contra.

ATKINSON, Presiding Justice.   (After stating the foregoing facts.)   ■ The facts were questions for the jury to pass upon, and the evidence was sufficient to authorize the verdict.

■   Passing to the second ground of the amended motion, the first being an amplification of the general grounds, error is alleged in the admission in evidence of a photograph of the deceased with clothes pulled back so as to show the location of the wounds; the objection being that, death and location of the wounds already having been proven, the picture was introduced for the purpose of inflaming the minds of the jury, and was endowed with no other probative value.

Photographs when properly identified by preliminary proof, as showing an accurate representation of an object which is material to the issue, are admissible. *Johnson* v. *State,* 158 *Ga.* 192 (2) (123 S. E. 120).  The location of the wounds was material to the issue. *Franklin* v. *State,* 69 *Ga.* 36 (1) (47 Am. R. 748) ; *Butler* v. *State,* 142 *Ga.* 286 (9) (82 S. E. 654) ; *Shafer* v. *State,* 193 *Ga.* 748 (7) (20 S. E. 2d, 34) ; *Russell* v. *State,* 196 *Ga.* 275 (1) (26 S. E. 2d, 528) ; *Weaver* v. *State,* 199 *Ga.* 267 (3) (34 S. E. 2d, 163).  To exclude the photographs on the ground

that there had already been testimony as to the location of the wounds, would, in effect, preclude the State from establishing a material fact by more than one source of evidence. To exclude it on the ground that it would inflame the minds of the jury, would prevent the State from establishing facts material to the issue. A relevant and material fact is not subject to an objection that it would inflame the minds of the jurors.

■ The third special ground alleges error by the admission in evidence of a confession. The evidence objected to is not set forth in the amended motion, but referred to as being contained in the brief of evidence. Under repeated rulings it has been held that a ground of a motion for new trial complaining of the admission of testimony must be complete within itself and not such as to require the reviewing court to refer to the brief of evidence in order to determine admissibility. Accordingly, no question is properly presented.

■ Error is assigned on the refusal of the court to grant a mistrial on account of the argument of the solicitor-general, as follows: "Gentlemen, with our system in Georgia, life imprisonment does not mean that this boy, if sentenced to life imprisonment, will stay there for life. If it did, that would be enough punishment, because I believe that, if he spent his whole life in prison, that would be worse than taking his life. With our system in Georgia, a man is entitled to parole or pardon after seven years, and when his application is put in, all the judges or interested parties are usually out of office and no one recalls the facts in the crime. If this jury sentenced this defendant to life imprisonment and he should be given his release on parole in seven years, you would be turning him loose upon society after a few years imprisonment." The solicitor-general also said: "That if they felt any sorrow for the defendant in this case, he wanted them to remember the gruesome picture of the deceased lying on the floor of his shop (the picture of the body after it had been moved and turned over), and that, if 'you go further than guilty in writing (the verdict), I want you to pick up this picture and stop writing there. Look at that picture. This might happen to me [you] or any man in this community.'" The solicitor-general further said: "You did not do it (the murder), I did not do it, he (pointing to the defendant) did it. This poor old defenseless man who was harming no one."

Assuming, though not deciding, that a motion for mistrial was timely and properly made by objecting to three separate portions of the argument after the argument was concluded, still it would not be error to refuse to declare a mistrial, under the rulings in *McLendon* v. *State*, 205 *Ga.* 55 (5) (52 S. E. 2d, 294), and cases therein cited. See also *Hicks* v. *State*, 196 *Ga.* 671 (2).

*Judgment affirmed. All the Justices concur, except Head, J., who dissents. Wyatt and Almand, JJ., concur specially.*

WYATT and ALMAND, JJ., concurring specially. We concur in division 4 of the opinion for the reason only that this court is bound by former full-bench decisions.