BOWENS, *alias* ADKINS, *v.* THE STATE.

No. 18050. ARGUED JANUARY 12, 1953—DECIDED FEBRUARY 9, 1953.

*Harold Hollingsworth,* for plaintiff in error.

*Walton Usher, Solicitor-General, Eugene Cook, Attorney-General,* and *Rubye G. Jackson,* contra.

HEAD, Justice. Samuel Bowens, alias Sammie Adkins, was convicted of the murder of Janie Lee Dunbar, without a recommendation of mercy. The deceased was beaten to death by the defendant with a slab of wood while she was in bed in her home. The defendant, who had been living with the deceased, admitted in his statement that he killed her. He related a series of quarrels between them on the day preceding the night of the homicide, and stated that she had called him to come to her bed and rub her neck, and while he was doing this, she pulled out a knife, whereupon he became excited and hit her with the first thing that he could get his hands on, the number of blows given being unknown to him.

The amended motion for new trial assigns error on the admission in evidence of two photographs showing the battered head and face of the deceased, made at the scene of the homicide by an officer investigating it. The objections made to the

admission of the photographs were: that they were immaterial and irrelevant, representing no material issue in the case, and were introduced solely to inflame the minds of the jury against the defendant; that the defendant admitted the killing of the deceased; that the wounds were sufficient to cause her death, and that her death resulted from injuries inflicted in the manner alleged; and that the photographs were not properly identified, since the person making the photographs testified that he did not know whether or not the photographs showed the body of the deceased in the position first discovered.

It is contended that the photographs, which were admitted for the sole purpose of showing the location and nature of the wounds of the deceased, showed more than this, that they showed the position of the arms of the deceased and the arrangement of the covers of the bed, and would indicate to the jury that the position shown by the photographs was that of the body of the deceased at the time of the homicide, and would discredit the testimony of the defendant that the deceased was making an assault on him with a knife. It is asserted that the court did not caution the jury to disregard the position of the body and the arrangement of the covers, and did not make it clear to the jury that the photographs were to be used solely to determine the location and nature of the wounds.

The defendant's counsel cross-examined witnesses for the State, who admitted that it was possible that changes could have been made in the covers on the bed prior to the time when the photographs were made. It is not reasonable to assume that the jury would have ignored this testimony by the State's witnesses. No request was made by counsel for the defendant that the court instruct the jury as to the purposes for which the photographs might be considered.

The court did not err in admitting these photographs in evidence. *Tatum* v. *State*, 206 *Ga.* 171 (4), 179 (56 S. E. 2d, 518), and cases cited.

The general grounds of the motion for new trial were expressly abandoned.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., and Wyatt, J., not participating.*