### 18826. KEY *v.* THE STATE.

DUCKWORTH, Chief Justice. Fred M. Key was indicted, tried, and convicted in Cobb Superior Court of murder, but received a recommendation of mercy by the jury. His amended motion for new trial was denied, and he excepts. *Held:*

1. Special ground 1 of the amended motion for new trial complains of the court's refusal to grant a mistrial because of a statement ·made by the solicitor-general in hearing of the jury, which was in effect that, the accused having shot the deceased, the lack of medical care would not be material, if he was the sole and proximate cause of the injury his wrongful act is murder. The remark of the solicitor-general was made in a colloquy in regard to acts occurring immediately after the shooting, and it was not improper or prejudicial inasmuch as it was a logical argument and deduction from the evidence and a correct statement of a principle of law, and this ground is without merit. See *Wilson* v. *State*, 190 *Ga.* 824 (10 S. E. 2d 861); *Singley* v. *State*, 198 *Ga.* 212 (31 S. E. 2d 349).

2. The second special ground of the amended motion complains of the refusal of the court to grant a mistrial because of certain documents being allowed by the solicitor-general to be left in view of the jury, the same being divorce petitions involving the accused, which allegedly put his character in issue. These documents were not allowed in evidence and, on objection of the defendant's counsel, the court instructed the solicitor-general to remove them from the jury's view. There is no evidence that the jury read the documents or was in any way influenced by them, and they were not allowed in evidence; hence, we see no error in this ground, and it is, accordingly, without merit.

3. The third special ground complains of evidence introduced without objection as to the reputation of the deceased for good character on the basis that the defendant was forbidden by the rules of evidence to attack the character of the deceased; and for the court to allow this evidence in the record was highly prejudicial, and the court should have excluded it without objection. While the movant attempts to show certain objections, which it is claimed were, in effect, objections to this evidence, they fail to amount to objections to the evidence of good character, and to present any question for determination by this court. See *Smith* v. *State*, 192 *Ga.* 713 (2a) (16 S. E. 2d 543); *Savage* v. *State*, 209 *Ga.* 374 (1) (72 S. E. 2d 715), and citations therein. The defendant attempted to show that the deceased, who was a married man, was an adulterer and an interloper breaking up the marriage of the accused; and the evidence complained of was clearly admissible to counteract any such defense, and this ground is wholly without merit. *Crawley* v. *State*, 137 *Ga.* 777 (1) (74 S. E. 537).

4. The fourth and fifth special grounds complain of the court's failure to give a request to charge on voluntary and involuntary manslaughter. There was no evidence in the record from which the jury could have determined that the accused was guilty of either of these lesser crimes, and the court did not err in refusing to thus charge. See *Channell* v. *State*, 109 *Ga.* 150, 153 (34 S. E. 353); *Cooper* v. *State*, 197 *Ga.* 611 (1) (30 S. E. 2d 177).

5. Under the rule that a request to charge "must be correct and even perfect" (*Lewis* v. *State*, 196 *Ga.* 755 (3), 27 S. E. 2d 659), the court did not err in refusing to charge the written request, which states that a presumption of innocence should be considered "as evidence of the defendant's innocence and constitutes a substantial defense for the defendant." See *McBurnett* v. *State*, 206 *Ga.* 59 (2) (55 S. E. 2d 598);

*Randall* v. *State*, 210 *Ga.* 435 (1a) (80 S. E. 2d 695). The court amply covered in the charge given the presumption of innocence in favor of the accused, and the ground complaining of the failure to charge the written request is wholly without merit.

(a) Grounds 10, 11, 12, 14, and 15, all complaining of the court's failure to charge, are, for the same reason as that given above, without merit, in that said written requests are either argumentative, without evidence to support the same, or imperfect.

6. The thirteenth special ground is without merit, since there was no evidence showing any intimacy in the presence of the husband from which he might infer that a criminal act of intimacy was just over or about to begin, the evidence being merely that his wife, who was separated from him, was sitting at a table in a restaurant with the deceased at the time of the shooting; and the court did not err in refusing to charge as thus requested, as there was no evidence requiring the court to charge that the defendant could have attacked the deceased for intimacy with his wife in his presence. See *Mays* v. *State*, 88 *Ga.* 399, 403 (14 S. E. 560); *Channell* v. *State*, 109 *Ga.* 150, 153, supra.

7. The evidence was sufficient to support the verdict, and the general grounds are also without merit. For the reasons stated above, the court did not err in denying the motion for new trial as amended.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 11, 1955—DECIDED FEBRUARY 16, 1955.

*Bruce & Joe Edwards, Ben Smith, W. George Thomas,* for plaintiff in error.

*Luther C. Hames, Jr., Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.