18932. HILL *v.* THE STATE.

HAWKINS, Justice. Harold E. Hill was convicted, in Richmond Superior Court, of the murder of one Frederick William Noegel, Sr., and sentenced to death by electrocution. The record discloses that on October 9, 1954, the defendant entered a grocery store of the deceased in the City of Augusta with a blackjack for the purpose of robbing the deceased; that he struck the deceased twice with the blackjack and took his wallet containing a sum of money from him, and during the progress of the robbery Noegel, in an effort to defend himself, secured a butcher or boning knife from the meat block located in the place of business, and inflicted cuts on two of the defendant's fingers, the defendant contending that when that occurred he endeavored to get loose from Noegel and break off the encounter entirely, and being unable to do so, he took the knife from Noegel and inflicted a number of wounds upon him

from which he died. To the overruling of his motion for a new trial as amended the defendant excepts, the general grounds of the motion, however, being expressly abandoned. *Held:*

1. It was not error, as complained of in ground 1 of the amended motion for a new trial, for the trial court to permit the coroner's physician, a witness for the State, to testify as to the nature, character, and number of wounds inflicted upon the deceased, and that the cause of his death was multiple lacerations, stab wound of heart, and hemorrhage, while referring to and reading from what he testified was his original examination report, his original paper signed by him, over the objection: "I object to the witness reading from any writing he has made. It hasn't been introduced in evidence. All he can do is refresh his memory from that and then testify and we object to any reading of that paper," where the court ruled that he could read therefrom "provided he swears positively that those are the facts," and that he "can refresh his memory from the record," and the witness replied: "Yes, I am refreshing my memory out loud," and then proceeded to describe the nature, character, and number of wounds found by him upon the body of the deceased, and as to the cause of death. Code § 38-1707 provides: "A witness may refresh and assist his memory by the use of any written instrument or memorandum, provided he finally shall speak from his recollection thus refreshed, or shall be willing to swear positively from the paper." See also *Akins* v. *Georgia R. & Bkg. Co.,* 111 *Ga.* 815 (35 S. E. 671); *Clackum* v. *State,* 55 *Ga. App.* 44, 49 (7) (189 S. E. 397), and cases there cited.

2. Ground 2 of the amended motion, complaining of the admission of testimony concerning a certain knife purchased after the homicide, to the effect that the knife exhibited to the witness in the presence of the jury was similar to the one which the State contended was used by the accused in the slaying of the deceased, is without merit. The knife itself was excluded from evidence on objection of counsel for the defendant, since it was conceded by the State that it was not the knife used by the defendant, but testimony of the witness with respect thereto simply for the purposes of description and comparison, and as illustrating the type, size, and character of the knife used by the defendant in the slaying of the deceased, was properly admitted by the court. *Mayor &c. of Madison* v. *Thomas,* 130 *Ga.* 153, 155 (1) (60 S. E. 461); *Mitchell* v. *Schofield's Sons Co.,* 16 *Ga. App.* 686, 688 (85 S. E. 978).

3. Ground 3 of the amended motion complains of the admission in evidence of two photographs of the deceased, identified as the State's Exhibits 13 and 14, the objection urged thereto being as follows: "We object to the introduction of State's Exhibits Nos. 13 and 14, which were pictures made by Mr. Holley at approximately 11:30 on the night of October 9 at Elliott's Funeral Home as being irrelevant and immaterial and actually prejudicial to this case, due to the fact that they do not represent the conditions in the store at all and the testimony has been delivered here by various witnesses as to the injuries sustained by Mr. Noegel, and we feel that these two exhibits are actually immaterial to anything which might have existed up at the store and we object to their being admitted as such, as it would be prejudicial to the defendant and we ask that they be excluded on those grounds," where-

upon the court made the following ruling: "I admit them for the purpose of illustrating the nature and extent of the wounds, if they do, and for that purpose alone." These photographs had been identified by the State's witness Roscoe Holley, as photographs of Noegel, the deceased, taken by him at a named funeral home about 11:30 on the night that the homicide was committed. It will be noted that there was no objection to the photographs upon the ground that they had not been properly identified, the objection thereto being that they were irrelevant and immaterial and prejudicial to the case because they did not represent the conditions in the store where the homicide occurred, and that testimony had been delivered by various witnesses as to the injuries sustained by Noegel, and the photographs would be prejudicial to the defendant. In *Bryan* v. *State*, 206 *Ga*. 73, 74 (55 S. E. 2d 574), this court held that photographs showing an accurate representation of an object which is material to the issue are admissible, and that the location of wounds is material to the issue in a homicide case, and that they should not be excluded because there is other testimony as to the location of the wounds, because to do so would preclude the State from establishing a material fact by more than one source of evidence, and that a relevant and material fact is not subject to an objection that it would inflame the minds of jurors. Under the rulings there made it was not error to admit the photographs over the objection urged. The nature, extent, number, and character of the wounds upon the deceased was a material fact in this case to show the brutality and wantonness of the attack by the defendant upon the deceased, and to rebut his statement on the trial that he had sought to withdraw from the conflict. See also *Tatum* v. *State*, 206 *Ga*. 171, 179 (4) (56 S. E. 2d 518); *Bowens* v. *State*, 209 *Ga*. 524 (74 S. E. 2d 466); *Johnson* v. *State*, 164 *Ga*. 47 (2) (137 S. E. 553).

4. Under the rule that a request to charge must be correct and even perfect; that it must be legal, apt, and precisely adjusted to some principle involved in the case, and be authorized by the evidence (*Lewis* v. *State*, 196 *Ga*. 755 (3), 27 S. E. 2d 659; *Key* v. *State*, 211 *Ga*. 384, 86 S. E. 2d 212)—it was not error to refuse the request to charge set out in special ground 4 of the motion for a new trial, "that if you find that this accused set out or started out to rob the deceased, and that during such robbery, if he did rob or attempt to rob him, the accused abandons the design and attempt to commit such robbery, and kills in self-defense or under circumstances of justification, or mitigation, then he would not be guilty of murder," for the reason that such request does not state a correct principle of law, and for the further reason that the charge is not properly adjusted to the case, in that while in one portion of the defendant's statement before the jury he contended that during the progress of the robbery, and while the victim grappled with him in an effort to defend himself and prevent the robbery, the defendant stated to Noegel that if he would release him he, the defendant, would return his wallet and leave the premises, the defendant's statement as a whole and the evidence further disclosed that the defendant never abandoned the desire and intent to rob, but consummated his intent and desire, and after killing the deceased, carried away with him the wallet of the deceased and the money therein contained. The request to charge does

not state a correct principle of law as applied to the facts of the case, for the reason that it appears to be based upon the last sentence of Code § 26-1014, where "the slayer had really and in good faith endeavored to decline any further struggle before the mortal blow was given," which section of the Code has application only in cases involving mutual combat. *Wheeler* v. *State,* 112 *Ga.* 43, 45 (37 S. E. 126); *Jones* v. *State,* 172 *Ga.* 500 (158 S. E. 44). The evidence in this case discloses that after the defendant had twice hit Noegel in the head with a blackjack with such force as to knock him down, and had taken Noegel's wallet from his pocket and placed it in his own, Noegel grappled with the defendant in an effort to prevent the robbery and to defend himself against the attack being made upon him by the defendant, and during the course of the struggle Noegel obtained a knife from the meat block beside which they were struggling, which the defendant took from Noegel and used in inflicting upon him numerous lacerations and stab wounds from which he died. All that Noegel did was done defensively against the deliberate and unjustified felonious acts of the defendant. As pointed out by Mr. Justice Hines in *Little* v. *State,* 164 *Ga.* 509, 522 (139 S. E. 37), "When a person is unjustifiably attacked and he defends himself, he cannot be said to be engaged in mutual combat. The exercise of the right of self-defense does not make a party a mutual combatant. Otherwise the principle embraced in section 73 of the Penal Code [now Code § 26-1014] would be applicable in every case when a person unjustifiably and feloniously attacked undertook to defend himself." *Ray* v. *State,* 15 *Ga.* 223 (5). Where, as in this case, the accused was the aggressor, he cannot justify the killing by showing that the deceased was in the act of using a knife to defend himself. *Bowden* v. *State,* 126 *Ga.* 578 (3) (55 S. E. 499). The violent taking of money or property from the person of another by force or intimidation to which money or property the taker has no bona fide claim of title or right of possession, constitutes the offense of robbery. *Moyers* v. *State,* 186 *Ga.* 446 (197 S. E. 846, 116 A. L. R. 981). Resistance by armed force of an actual attempt to commit such a robbery is justifiable under the Code, §§ 26-1011 and 26-1012, and one cannot create an emergency which renders it necessary for another to defend himself, and then take advantage of the effort of such other person to do so. *Daniel* v. *State,* 187 *Ga.* 411, 412 (1 S. E. 2d 6), and cases there cited.

(a) Under the foregoing rulings, as applied to the facts of this case, it was not error for the court to fail to give in charge to the jury the provisions of Code § 26-1014, which are applicable only in cases of mutual combat, or in failing to charge the law governing manslaughter as related to the theory of mutual combat, or in charging the jury that "If the defendant created a situation where it becomes necessary to defend himself, the defendant cannot justify his act of killing the deceased on the ground that the deceased was at the time making an attack upon him, the defendant." *Lingo* v. *State,* 29 *Ga.* 470 (4); *Edmonds* v. *State,* 201 *Ga.* 108, 126 (5) (39 S. E. 2d 24); *Bowden* v. *State,* 126 *Ga.* 578 (3) (55 S. E. 499). Special grounds 5, 6, 7, and 8, complaining of the charge and of the failure to charge the principles of law therein referred to are without merit.

*Judgment affirmed. All the Justices concur except Wyatt, P. J., absent on account of illness.*

ARGUED APRIL 11, 1955—DECIDED MAY 9, 1955—REHEARING DENIED JUNE 15, 1955.

*Jack E. McGahee, Harris, Chance & McCracken,* for plaintiff in error.

*Geo. Hains, Solicitor-General, Eugene Cook, Attorney-General, Joan Larsen,* contra.