22964.   TOLBERT v. TOLBERT.

SUBMITTED MAY 10, 1965—DECIDED JULY 9, 1965.

*Hamilton, Anderson & Minge, George Anderson,* for plaintiff in error.

*Clower & Royal, E. J. Clower,* contra.

GRICE, Justice.   Assigned as error here is the overruling of a husband's motion for new trial following a jury verdict for the wife on her cross action for divorce and alimony.   The liti-

gation began when James Tolbert filed, in the Superior Court of Floyd County, a suit for divorce against Mrs. Louise Tolbert upon the ground of cruel treatment. She filed an answer denying such cruel treatment, and alleging cruel treatment by the husband. By cross action she sought a divorce from him, alimony, prohibition of his remarriage, and injunctive relief not necessary to recite here. The jury granted her a divorce and awarded her permanent alimony in a specified amount per month, together with a lump sum cash payment, certain household and kitchen furnishings and an automobile, but did not prohibit the husband's remarriage. The husband's motion for new trial, as amended, consisted of the general and nine special grounds.

■ By the general grounds the husband contends that the verdict is without evidence to support it because the wife did not testify that the acts of the husband relied upon by her as cruel treatment caused her to apprehend danger to her life, limb or health, and also because the testimony shows that she condoned any cruel treatment by him.

The general grounds, as we assess them, are without merit.

This is an instance where actions speak louder than words. Here, the jury was authorized to find from the measures taken by the wife to protect herself against the husband's further infliction of bodily injury upon her and his threats to her life, that she was apprehensive of her safety. Thus, the requirement of *Code Ann.* § 30-102, that cruel treatment reasonably justify apprehension of danger to life, limb or health, was met.

Nor did the evidence demand a finding of condonation. Regardless of whether the testimony showed that the wife either expressly or impliedly forgave the husband for his repeated cruel treatment of her, there was ample evidence from which the jury could have found that the husband breached the condition that his cruel treatment would not be repeated. For a discussion of the elements of condonation, see *Phinizy v. Phinizy,* 154 Ga. 199, 214-217 (114 SE 185).

■ The first special ground complains of the admission in evidence of testimony as to the husband throwing a bottle in the direction of the wife. The husband contends that this testimony was prejudicial to him and was immaterial since it related to an event which occurred after he filed his petition for

divorce and since it had already been agreed that an injunction "to fit the situation" would be granted.

As we view this testimony it was admissible for two purposes. It was evidence of cruel treatment by the husband in support of the wife's cross action for divorce which was filed subsequent to the bottle throwing incident. Also, it was material in ascertaining the situation that actually existed between the parties and hence in determining what relief should be incorporated in the injunction agreed upon "to fit the situation."

Therefore, this ground was properly overruled.

■ The husband complains in special ground 2 of the admission in evidence of a photograph showing a chair with two legs and part of the frame broken off. He contends that this was a posed picture and was not an accurate portrayal of the chair as damaged by him.

The fact that the picture was taken at a subsequent time by placing the chair as close as possible to its original position did not render the photograph inadmissible. See *Shaw v. State*, 83 Ga. 92, 102 (9 SE 768) ; *Butler v. State*, 142 Ga. 286 (9) (82 SE 654) (two Justices dissenting upon another ground).

The fact that the photograph was not a true representation of the chair at the time it was broken does not, under the circumstances here, cause its admission in evidence to be reversible error. This photograph was identified by the wife, who testified that it was a picture of the chair which the husband threw at her. However, she also testified that his act did not break off the leg of the chair but only cracked it. She explained that when she later moved the chair from the house the leg had been torn completely off, but made no statement as to how this happened, thus not attributing it to the husband.

Therefore, the admission of the photograph, even if erroneous because the photograph was not a true representation of the damage done by the husband, was not harmful to him, and thus does not require the grant of a new trial.

This ground was correctly overruled.

■ Special ground 3 avers that the trial court erred in using the word "shows" in charging the jury as to the wife's contention that certain property be awarded to her. It is contended

■

that this was an intimation of opinion as to what the wife was entitled to.

The record shows that the word complained of here was not the judge's but was used in the defendant's amendment to her answer which the judge read to the jury in his charge. His reading of such pleading was not error.

■ In his fourth special ground the husband urges error in the court's use of the words "additional details" in referring to a portion of the wife's cross action. The husband contends that these words intimated to the jury that there were facts alleged which should be taken as true without proof, thus entitling the wife to sustain her cross action without evidence. He maintains that the jury must so conclude since the court did not instruct that the husband was not required to answer the contentions in her cross action.

This ground is not well taken.

The language complained of, in context, referred to a designated portion of the wife's cross action and stated that in it "you will find additional details and contentions and allegations on which she contends that she is entitled to a divorce on the grounds of cruel treatment on the part of the [husband] . . ." Here, the judge was merely telling the jury the contents of the wife's amendment. Elsewhere he had instructed them that the pleadings were only contentions and not evidence.

■ In special ground 5 the husband asserts that in giving a specified portion of the charge on alimony, the trial court erred in failing to instruct the jury that they could consider the income which the wife had earned prior to their marriage and was presently earning. The portion attacked was as follows: ". . . You may consider the circumstances of the parties, their manner, condition and style of living, financial condition of the husband, the separate estate of the wife, if any, the earning capacity of the husband, the circumstances and causes which led to the separation, and other facts or circumstances as disclosed by the evidence which will enable the jury to reach the truth of the case and arrive at a correct verdict."

This charge was not error. It included consideration of the circumstances of the parties and the wife's separate estate and it complied with *Code* § 30-209. If more specific or elaborate instructions were desired, a timely written request therefor

should have been made. Compare *Lowry v. Lowry,* 170 Ga. 349, 350-351 (153 SE 11, 70 ALR 488).

■ The sixth special ground urges that a specified portion of the charge erroneously indicated to the jury that they would have a duty to return a verdict in favor of the wife if they found facts authorizing a divorce to her. The language complained of does not include the term "duty" or any word or words synonymous with it. Rather, it merely instructed as to the form of the verdict, twice using the words "if you find . . ."

The criticism made in this ground is not valid.

■ The husband asserts in special ground 7 that a portion of the charge was error because it did not instruct the jury that they could take into consideration the wife's separate estate, if any, and also her age, health, former position in the community as his wife, manner of living, material resources and income. The portion given, following a request by the jury, defined alimony, recited the duty of the husband in providing support to the wife, and instructed that the amount of alimony be such ". . . as would be justified by the evidence consistent with the ability of the husband and their condition in life . . ."

While this portion of the charge did not mention consideration of the wife's resources or income, that portion previously given covered it and, as ruled in Division 6, was sufficient compliance with *Code* § 30-209. That ruling controls here.

No error is shown by this ground.

■ The husband urges in special ground 8 that by use of the word "shows" in connection with the wife's amendment to her answer, the judge intimated the opinion that the wife had shown her possession and right to the automobile, thus invading the province of the jury on this issue. The material part of the portion complained of was as follows: ". . . This defendant shows in this amendment that the [automobile] is now in the possession of the defendant and defendant shows that she is entitled to have the same set aside and decreed to be her property, and if you determine that she is entitled to have it so set aside to her as her property, that is within your province and you should decide that issue also."

This attack is quite similar to that upon the use of the same word in special ground 3. The employment of the word "shows," in context with the remainder of the sentence, particularly the phrase "and if you determine . . ." could convey only that the wife so alleged or contended. It did not intimate that the court believed that proof had been made of the facts on such issue.

This ground was properly overruled.

■ The final special ground is predicated upon the judge's alleged failure to re-charge in response to an inquiry by the jury as to "What is permanent alimony and when does it stop?" The husband contends that the only answer given was the following instruction: "Permanent alimony would be such amount, if any, as you would award in this case, as previously charged you. You are also to determine, should you find for alimony for the defendant, how much alimony is to be paid, in one single lump sum, by the month, by the year or by the week, that is to the monetary alimony, if any, you should determine and find for the defendant on her cross petition for alimony."

The husband contends that in this re-charge the judge also should have instructed that permanent alimony payments could be awarded for such periods of time as the jury saw fit and could be terminated, at their discretion, by her remarriage or after a stated number of years. He asserts that not so instructing misled the jury, causing them to believe that they could not consider a termination date, but could only provide how alimony was to be paid, by year, week, and the like. He insists that the fact that the jury were so misled is borne out by their verdict which, in addition to a cash payment and personal property, awarded payments of a specified amount per month and set no date or event for termination of these monthly payments.

This ground lacks merit.

The re-charge thus given, with the original charge, amply instructed the jury as to the various modes of awarding alimony. We know of no decision or statute which requires the giving of the instruction contended for here upon request of the jury. In *Wilson v. Wilson*, 174 Ga. 238, 243 (162 SE 540), a charge in language substantially the same as the one given here

was held not erroneous. It was ". . . it would be for you to say whether alimony shall be allowed at all or not, and, if allowed at all, how much it will be, how payable, whether monthly, quarterly or annually, whether or not in a *lump sum,* and if so, how much."

There being no merit in any of the grounds of the motion for new trial, the judgment is

*Affirmed. All the Justices concur.*