## 24447. DuPREE v. DuPREE.

UNDERCOFLER, Justice. J. T. DuPree filed suit for divorce against Laura E. DuPree on the ground of cruel treatment and prayed for divorce, custody of the minor children, jury trial and general relief. The defendant filed an answer and cross action denying the allegations of cruel treatment and asserting that the separation of the parties was caused by the misconduct of the plaintiff and that he had poisoned the minds of the children against her. She also alleged that the children were living with the plaintiff and were of an age when they could select the parent with whom they wished to live, and that no award of custody was necessary. She prayed that she be granted a divorce, awarded temporary and permanent alimony and the home of the parties. The jury granted a divorce on the defendant's cross action, ordered the plaintiff to pay her $1,000 per month for 12 months, and thereafter, $625 per month until she remarried, the sum of $20,000 cash to be used by her to obtain a home, and a 1966 Ford automobile on which the plaintiff was to complete the payments. This award was made the judgment of the court. The plaintiff appeals to this court from the overruling of his motion for new trial. *Held:*

1. The general grounds of the motion for new trial are without merit since the evidence amply supports the verdict and it is not contrary to law. *Peek v. Peek*, 207 Ga. 72 (2) (60 SE2d 138); *Gay v. Gay*, 208 Ga. 429 (67 SE2d 131); and *Hinkle v. Hinkle*, 209 Ga. 554 (74 SE2d 657).

2. The plaintiff contends that the verdict for permanent ali-

mony is excessive. The evidence shows that the plaintiff's annual income from 1960 through 1966 has varied between approximately $42,000 and $58,000 with the last three years being in excess of $50,000. In 1966 his net income after business expenses was approximately $41,000. A portion of the business expense consists of a $360 monthly rental for offices paid to a corporate owner in which the plaintiff has a one-half interest. In addition to his equity in said corporation which is estimated at $17,500, the evidence shows the plaintiff's estate to be worth approximately $30,000. There are five children of the parties but one of them is married. The other four children whose ages are 20, 19, 16 and 15 elected to live with the plaintiff. The two oldest children are attending college. The verdict is not excessive and was authorized by the evidence.

3. The plaintiff enumerates as error the following charge: "If the separation in this case was by mutual consent of the parties, or was caused by the misconduct of the husband, then you would be authorized to grant the wife such amount of alimony as would be justified by the evidence, consistent with the ability of the husband and their condition in life. Any award of permanent alimony to the wife is a matter to be determined by you after a consideration of all the facts and circumstances of this case. You may consider the circumstances of the parties, their manner, condition and style of living, the financial condition of the husband, the separate estate of the wife, if any, ability and capacity of the wife to earn, the earning capacity of the husband, the circumstances and causes which led to the separation, the conduct of the parties, as disclosed by the evidence, and any other fact or circumstance disclosed by the evidence which will enable you to reach the truth of the case and arrive at a correct verdict."

"It is well established by decisions of this court that the jury is not authorized to consider the conduct or misconduct of either party in a suit for alimony as to the question of the amount of alimony." *McCurry v. McCurry*, 223 Ga. 334, 335 (155 SE2d 378). The above charge authorizes the jury to consider the conduct of the parties in fixing the amount of alimony and for this reason it was error as a matter of law.

4. The plaintiff contends that *Code Ann.* § 30-209 (Ga. L. 1966, p. 160) requires that the jury *shall* consider certain evidence in awarding alimony whereas the court in this case charged the jury that it *may* consider such evidence.

"This charge was not error. It included consideration of the circumstances of the parties and the wife's separate estate and complied with *Code* [Ann.] § 30-209. If more specific or elaborate instructions were desired, a timely written request therefor should have been made." *Tolbert v. Tolbert*, 221 Ga. 159, 162 (6) (143 SE2d 743).

There is no merit in this enumeration of error.

5. The plaintiff contends that the trial judge should have charged the jury to consider his "fixed liabilities for the support of minor children" as provided by *Code Ann.* § 30-209 (Ga. L. 1966, p. 160) and *Code* § 30-207 dealing with child support awards. These matters were not in issue in this case since the minor children were living with their father. There is no merit in these enumerated errors.

6. The plaintiff complains that the trial judge in his charge to the jury prejudicially focused its attention on the ability of the husband to pay alimony and did not charge that it must consider the necessities of the wife. The record shows that the trial judge charged the jury to consider the separate estate of the wife, if any, the ability and capacity of the wife to earn a living and any other fact or circumstances disclosed by the evidence. Therefore, there is no merit in this enumeration of error.

*Judgment affirmed as to the divorce. Judgment reversed as to the verdict awarding alimony with direction for a new trial solely on the issue of the amount of alimony. All the Justices concur.*

ARGUED JANUARY 8, 1968—DECIDED JANUARY 18, 1968.

*Mincey, Kenmore & Popper, David L. Mincey, Joseph W. Popper, Jr.,* for appellant.

*Adams, O'Neal, Steele, Thornton & Hemingway, H. T. O'Neal, Jr., Kice H. Stone,* for appellee.