## 28712. BROWN v. BROWN.

UNDERCOFLER, Justice.

This appeal is from a judgment awarding the wife a divorce, alimony and custody of a minor child.

The jury awarded the wife the house in which she was living and stipulated that the husband was to pay the indebtedness thereon; awarded her a one-half undivided interest in a farm containing 202 acres, $250 per month

alimony, and $150 per month as child support. *Held:*

1.  The appellant husband contends that the trial court erred in refusing to grant him a continuance in the case because he was absent from the country. The record shows that the appellant filed his motion for continuance in August 1973. The trial court stated that on agreement of counsel, the motion for continuance was waived by counsel for the appellant on condition that the case would be removed from the August calendar and placed on the September calendar. The case was tried before a jury in September. Under these facts, the trial court did not err in denying the motion for continuance.

2.  The appellant contends that the trial court erred in refusing to allow his counsel to show the jury the reason for his absence during the trial of this case.

There is no merit in this contention. The trial court instructed the jury that the reason for the absence of the defendant had no bearing on the case and was not relevant to the issues to be tried by them.

3.  The appellant contends that the court erred in overruling his objection to the testimony of the wife that he earned $15,733.22 in 1972. He contends that the wife stated that she had no personal knowledge of the earnings of her husband. The record shows that the amount of earnings stated by the wife was the same amount shown by a W-2 Form which the husband had furnished her counsel on motion to produce. There is no merit in this contention of the appellant.

The appellant also contends that the amount of alimony and child support was excessive. The trial court allowed counsel for the appellant to introduce in evidence portions of a deposition which the appellant had given during discovery proceedings in the case. The evidence showed that the appellant was an aircraft mechanic who earned $5.06 per hour for 40 hours a week which would total $10,524.80; that he had just returned from four months duty overseas for which he received $12 per day per diem; that he owns two houses; that he rented one of his houses and after paying the mortgage note had $34 per month for repairs; that he owned a farm in Marion County of 202 acres which was fully paid for; that he had 17 cows and 7 buffalo; and that he received $2,000 as an

heir of his grandmother.

Under these facts, we cannot hold that the award of alimony and child support was excessive. We note that the minor child of the parties will reach his majority in April, 1974.

4. The appellant contends that the trial court erred in allowing the appellee to testify that the appellant could afford to pay her $300 per month alimony because this was a conclusion.

"The objection made failed to assert that no foundation had been laid for the conclusions of the witnesses, nor was it urged that the foundation was insufficient." *Atlantic C. L. R. Co. v. Godard,* 211 Ga. 373, 380 (86 SE2d 311).

This enumeration of error is without merit.

5. (a) The trial court charged the jury: "If the separation in this case was caused by cruel treatment by the husband, then you would be authorized to grant the wife such amount of permanent alimony as would be justified by the evidence consistent with the ability of the husband and their condition in life. . . If you decide the wife is entitled to an award of alimony, then in determining the amount of such alimony to be awarded to the wife, you will not consider the alleged conduct or misconduct, if any, of either of the parties."

The appellant contends that these portions of the charge are inconsistent and would tend to confuse the jury. We do not agree. These charges are not inconsistent nor confusing. The first portion of the charge deals with whether the wife is entitled to alimony. The second portion instructs the jury that if they find she is entitled to alimony, the conduct or misconduct of either party should not be considered in fixing the amount of alimony.

(b) The appellant also contends that the first portion of this charge is an erroneous statement of law. This portion of the charge dealt with whether the *divorce was authorized* because of the conduct of the husband. The cases of *McCurry v. McCurry,* 223 Ga. 334, 335 (155 SE2d 378) and *DuPree v. DuPree,* 224 Ga. 52 (3) (159 SE2d 708) held that the conduct of the parties was not to be considered in fixing the *amount of alimony.*

It follows that this contention of the appellant is

not meritorious.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 11, 1974 — DECIDED APRIL 4, 1974.

*Adams, O'Neal, Hemingway & Kaplan, Kice H. Stone, H. T. O'Neal, Jr.,* for appellant.

*Aultman, Hulbert, Cowart & Daniel, Edwin S. Varner, Jr.,* for appellee.