S07A0404. TAYLOR v. THE STATE.
(644 SE2d 850)

THOMPSON, Justice.
Defendant Zachary Bouvier Taylor was convicted of malice murder and aggravated battery in connection with the death of Lamar

Railey.[1] He appeals, asserting, inter alia, the trial court erred in permitting the State to introduce in evidence the pleadings filed in a civil lawsuit brought by Taylor against Railey and others. Finding no error, we affirm.

Railey owned and operated a wrecker service in Hamilton, Georgia. After closing his business on the evening of February 13, 2004, Railey drove a wrecker to the J&A Tire Company where he stopped to purchase diesel fuel. When Railey finished fueling the wrecker, he headed for the business office to complete his purchase. Suddenly, Railey was struck by an accelerating motor vehicle. He was thrown into the air and landed on the pavement; he tried to get up, but was unable to do so. A passing motorist, who saw the vehicle strike Railey, called 911 and gave chase. As he followed the vehicle, described as a green sedan, the motorist was able to remain in contact with police and apprise them of the sedan's route. Soon, a police officer passed the motorist, fell in behind the sedan, and pulled it over. Other officers arrived on the scene. Defendant exited the vehicle and was placed under arrest.

Police noticed that marks on the front of defendant's vehicle were consistent with what one would expect after recently hitting a pedestrian. Officers conducted a search of the vehicle and found numerous items, including a manila envelope upon which the victim's name was written. Inside the envelope, police discovered various legal documents stemming from a year-long dispute between defendant and the victim.

In the meantime, the victim was taken to the hospital where he was admitted with multiple fractures and deep bruises to his right leg. After a short hospital stay, the victim was discharged and he was sent home to recuperate. On February 29, 2004, sixteen days after he was injured, the victim suddenly collapsed. Emergency personnel were summoned to the victim's home, but they were unable to revive him, and he died shortly thereafter. The medical examiner determined that pulmonary thromboemboli, which were the result of the injuries to the victim's right leg, caused the victim's death.

1. The evidence was sufficient to enable any rational trier of fact to find defendant guilty beyond a reasonable doubt of malice murder and aggravated battery. We reject defendant's assertion that, with

---

[1] Defendant was indicted on May 9, 2005, and charged with malice murder, felony murder predicated on the underlying felony of aggravated assault, aggravated assault, and aggravated battery. Trial commenced on November 29, 2005, and the jury returned its verdict on December 1, 2005, finding defendant guilty on all counts except felony murder (which was placed on the dead docket). The trial court merged the aggravated assault conviction with the malice murder conviction, and sentenced defendant to life for malice murder and a consecutive term of 20 years for aggravated battery. Defendant filed a timely notice of appeal. The case was docketed in this Court on November 22, 2006, and orally argued on March 12, 2007.

regard to the murder conviction, the State failed to prove that defendant formed the intent to kill the victim, an essential element of malice murder.

> [T]he crime of malice murder is committed when the evidence shows either an express or, in the alternative, an implied intent to commit an unlawful homicide. This meaning of malice murder is consistent with the general rule that crimes which are defined so as to require that the defendant intentionally cause a forbidden bad result are usually interpreted to cover one who knows that his conduct is substantially certain to cause the result, whether or not he desires the result to occur. Thus, a malice murder can be shown not only by evidence that the defendant acted with the deliberate intention unlawfully to take the life of another human being which is manifested by external circumstances capable of proof, but also by evidence that the defendant acted where no considerable provocation appears and where all the circumstances of the killing show an abandoned and malignant heart. In other words, evidence that the defendant acted with implied malice is, for purposes of demonstrating his guilt of the crime of malice murder, no less probative than proof that he acted with a specific intent to kill.

*Sheffield v. State*, 281 Ga. 33, 35 (2) (635 SE2d 776) (2006), quoting *Parker v. State*, 270 Ga. 256, 259 (4) (507 SE2d 744) (1998).

We also find that, contrary to defendant's contention, the State introduced sufficient evidence to prove that the injuries to the victim's leg were the efficient, proximate cause of death. That is because the evidence shows that the injuries directly and materially contributed to the subsequently occurring pulmonary thromboemboli which immediately killed the victim. See *Singley v. State*, 198 Ga. 212 (1) (31 SE2d 349) (1944) (injury is efficient, proximate cause of death whenever it is itself the sole proximate cause of death or it directly and materially contributes to a subsequently accruing immediate cause of death).

2. In order to prove that defendant intended to kill the victim, the State introduced pleadings which defendant filed in a civil action he brought against the victim, as well as an affidavit supporting an arrest warrant through which defendant sought to have the victim arrested. Defendant asserts the trial court erred in admitting the documents because the allegations contained therein are privileged.

It is true that, as defendant points out, allegations set forth in official court documents are privileged. See OCGA § 51-5-8; *Fedderwitz v. Lamb*, 195 Ga. 691 (25 SE2d 414) (1943); *Williams v. Stepler*, 227 Ga. App. 591 (490 SE2d 167) (1997); *Watkins v. Laser/Print-Atlanta*, 183 Ga. App. 172, 173 (358 SE2d 477) (1987). However, this privilege was designed to foster the judicial process and protect the public welfare by shielding litigants from liability or prosecution. *Fedderwitz*, supra at 696. The privilege has no application where, as here, the allegations set forth in the documents are introduced to demonstrate the motive or state of mind of a criminal defendant.

3. During the course of the trial, defendant attempted to make various pronouncements, and to address the victim's wife, prompting the prosecutor to object, and the court to admonish defendant. Citing *Weldon v. State*, 247 Ga. App. 17 (1) (543 SE2d 56) (2000), defendant asserts the trial court erred in failing to grant a mistrial because the prosecutor's objections and the court's admonishments took place in the presence of the jury. We disagree. The prosecutor's objections and the trial court's admonishments took issue with defendant's statements and conduct in a fair, objective and unbiased manner. Unlike *Weldon*, in which defendant was chained, gagged and admonished in the jury's presence, the trial court in this case did not employ any measure which could be said to have compromised the jury's ability to remain impartial.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 14, 2007.

*Benjamin A. Davis, Jr.*, for appellant.

*J. Gray Conger, District Attorney, Mark C. Post, Assistant District Attorney, Thurbert E. Baker, Attorney General, Edwina M. Watkins, Assistant Attorney General*, for appellee.